Donald WRIGHT, Plaintiff,

v.

METHODIST YOUTH SERVICES, INC., et al., Defendants.

No. 80 C 5594.

United States District Court, N. D. Illinois, E. D.

March 13, 1981.

Ivan Rittenberg, Robert S. Harlib, Rittenberg, Krichiver, Buffen, & McNeal, Ltd., Chicago, Ill., for plaintiff.

Richard N. Janney, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiff Donald Wright ("Wright") brings this action under 42 U.S.C. §§ 2000e and following ("Title VII") and 42 U.S.C. §§ 1983, 1985 and 1988,[1] based on his allegedly unlawful termination as an employee of Methodist Youth Services, Inc. ("Youth Services").[2] Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted.[3] For the reasons stated in this memorandum opinion and order, defendants' motion is granted in part and denied in part.

Youth Services is a not-for-profit corporation providing social services to minors, primarily those who are wards of the State of Illinois. Wright, a black male, was employed by Youth Services from approximately June 1976 until July 1979. Wright alleges that during the course of his employment his supervisor, Hillerman, made overt homosexual advances towards Wright and that as a result of Wright's resistance to those advances his employment was terminated. Wright has exhausted his Title VII administrative remedies and now seeks

1. Section 1988 is referred to only in the Complaint's jurisdictional paragraph and not in Wright's "Statement of Claim." It is therefore unnecessary to discuss it in this opinion.

2. In Wright's First Amended Complaint (the "Complaint") defendant Nancy Snyder has been voluntarily dismissed. Defendants Dale Hillerman and Seymour J. Adler are now sued only in their capacity as agents for Youth Services.

3. In response to the original complaint, all individual defendants moved to dismiss and Youth Services moved for a more definite statement. Youth Services has withdrawn its motion for a more definite statement. Although Youth Services has not formally joined in the motion to dismiss, the motion's arguments and this Court's disposition of them apply with equal force to Youth Services.

both damages and injunctive relief in this action.

### Section 1983 Claims

■ Wright charges that his termination violated his rights under the Fourteenth Amendment and therefore Section 1983. By its terms Section 1983 only applies to actions taken "under color" of state law. Wright contends that several factors justify a finding of state action despite Youth Services' being a private entity:

1. Youth Services receives and relies heavily on state funding.

2. Children are referred to Youth Services by a state agency.

3. Welfare programs are traditionally a public function dealt with by government agencies.

Such linkages are insufficient to invoke the "under color" of state law doctrine. Our Court of Appeals dealt with like claims in *Cannon v. University of Chicago,* 559 F.2d 1063, 1071 (7th Cir. 1976), *rev'd on other grounds,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1977):

> But, even assuming financial aid and assistance by the state in whatever amounts, such aid and assistance is insufficient for jurisdiction under § 1983 unless it can be shown that the State has "affirmatively supported" the particular conduct challenged here.

Wright fails that test, for the Complaint does not allege that either the state funding or the system of referral is in any way responsible for or promotes the alleged discrimination.

■ In limited circumstances a plaintiff need not establish such a nexus between state support of a private activity and the alleged discriminatory act—but only "by an allegation of facts suggesting that the ostensibly private activity has acted as a state instrumentality or a 'joint participant,' in the language of *Burton v. Wilmington Park Authority,* 365 U.S. 715, 725 [81 S.Ct. 856, 861–862, 6 L.Ed.2d 45] (1961)." *Musso v. Suriano,* 586 F.2d 59, 63 (7th Cir. 1978). As *Musso* went on to say, "Such an allegation is dependent upon more than funding; it is

dependent upon facts suggesting control." Thus state action may be found where a federal statutory program requires some private involvement in the management of the program. *See, Ginn v. Matthews,* 533 F.2d 477 (9th Cir. 1976). Again the Complaint alleges no facts to permit the inference that Youth Services and the State of Illinois became so intertwined that activities by Youth Services constitute state action. *See, Rendell-Baker v. Kohn,* 641 F.2d 14 (1st Cir. 1981).

Wright's claims under Section 1983 are therefore dismissed.

### Section 1985 Claims

■ Section 1985 does not itself create substantive rights, but only provides a remedy for the deprivation of federally protected rights derived elsewhere. In that respect the Complaint looks to the Fourteenth Amendment and Title VII, neither of which is sufficient to ground an action under Section 1985.

Although defendants need not act under color of state law to be subject to Section 1985, the Fourteenth Amendment protects an individual only against *state* interference with his rights. *Dombrowski v. Dowling,* 459 F.2d 190, 194 (7th Cir. 1972). Because Youth Services was not acting "under color" of state law, by definition there was no violation of the Fourteenth Amendment that Wright can assert through Section 1985.

Wright also purports to assert a Section 1985 claim under Title VII. But the Supreme Court has recently held that a conspiracy to violate rights protected by Title VII cannot ground a cause of action under Section 1985. *Great American Federal Savings & Loan Ass'n v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979).

Accordingly, Wright's Section 1985 claims must also be dismissed.

### Title VII Claims

■ Wright's substantive claim is that his employment was terminated because he refused homosexual advances made toward

him by Dale Hillerman. Though neither any of the parties nor this Court has been able to locate any direct precedent for such a claim, Title VII should clearly encompass it.

Several courts have upheld a female employee's Title VII claim based on her termination for having refused sexual advances from a male supervisor. *See, e. g., Tomkins v. Public Service Electric & Gas Co.*, 568 F.2d 1044 (3d Cir. 1977); *Barnes v. Costle*, 561 F.2d 983 (D.C.Cir.1977); *Garber v. Saxon Business Products, Inc.*, 552 F.2d 1033 (4th Cir. 1977). Those holdings are predicated on the notion that making a demand of a female employee that would not be made of a male employee involves sex discrimination.

Wright's Complaint presents the obverse of that coin—an alleged demand of a male employee that would not be directed to a female. *See, Bundy v. Jackson*, 641 F.2d 934 (D.C.Cir.1981) ("... discrimination is *sex* discrimination whenever sex is for no legitimate reason a substantial factor in the discrimination"). As stated in *Barnes v. Costle*, 561 F.2d at 990 n. 55:

> It is no answer to say that a similar condition could be imposed on a male subordinate by a heterosexual female superior, or upon a subordinate of either gender by a homosexual superior of the same gender. In each instance, the legal problem would be identical to that confronting us now—the exaction of a condition which, but for his or her sex, the employee would not have faced.

Wright's Complaint therefore states a cause of action under Title VII.

▮ One important Title VII issue was not addressed by the parties. Wright's filings with the Equal Employment Opportunity Commission and the Illinois Fair Employment Practices Commission charged only Youth Services and not the individual defendants. It is a jurisdictional prerequisite to a Title VII suit that a charge have been filed with EEOC against the party sued. 42 U.S.C. § 2000e–5(f)(1).[4]

▮ That condition precedent has been held satisfied where an individual defendant is "substantially identical" to the organization against whom the EEOC charge was filed. *Goodman v. Board of Trustees of Community College District 524*, 498 F.Supp. 1329, 1333 (N.D.Ill.1980). However, Wright has failed to make any allegation or showing that would draw Hillerman and Adler into that net.

In light of the jurisdictional nature of that defect, this Court dismisses defendants Hillerman and Adler from the action, subject to their possible rejoinder upon a proper showing.

### Conclusion

Defendants' motion to dismiss is granted in its entirety as to the individual defendants and is granted in part and denied in part as to Youth Services. All Section 1983 and 1985 claims are dismissed, but the Title VII claim is upheld against Youth Services. Youth Services is ordered to answer that portion of the Complaint on or before March 30, 1981.

---

**4.** That flaw in the suit against the individual defendants is not cured by designating them as "agents" of Youth Services. Title VII specifically applies only to employers or their agents in any event, so that the need for identity between the party *charged* and the party *sued* remains.