Norman E. POLLY, Plaintiff,

v.

HOUSTON LIGHTING & POWER COM-
PANY, David Wallace, David Ubernosky,
Hans–Peter Buchman, Michael Powell,
and Jackie Fowler, Defendants.

HOUSTON LIGHTING & POWER COM-
PANY, A Subsidiary of Houston In-
dustries, Inc., Plaintiff,

v.

The INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, LOCAL
UNION NO. 66 and Norman Polly, De-
fendants.

Civ. A. No. 91–574.

United States District Court,
S.D. Texas,
Houston Division.

June 7, 1993.

Tom F. Coleman, Jr., Coleman Bartlett &
Associates, Houston, TX, Floyd J. Fernan-

dez, Humble, TX, for plaintiff Norman E. Polly.

Norman E. Polly, pro se.

L. Chapman Smith, Baker & Botts, Robert Edward Johnson, Houston, TX, for defendants Houston Lighting & Power, David Wallace, David Ubernosky, Hans–Peter Buchman, Michael Powell, Jackie Fowler.

Robert Wilson Rickard, Swearingen, Clark & Moore, Port Arthur, TX, for defendant International Broth. of Elec. Workers, Local Union No. 66.

James Sacher, Houston, TX, for movant E.E.O.C.

Bruce A. Coane, Coane & Associates, Houston, TX, for movant Nat'l Employment Lawyers Assn.

## MEMORANDUM AND ORDER

WERLEIN, District Judge.

Before the Court are Defendants Houston Lighting & Power's ("HL & P"), David Wallace's ("Wallace"), David Ubernosky's ("Ubernosky"), Hans–Peter Buchman's ("Buchman"), Michael Powell's ("Powell"), and Jackie Fowler's ("Fowler") (collectively, the "HL & P Defendants") Motion for Summary Judgment (Document No. 35), Defendant International Brotherhood of Electric Workers, Local Union No. 66's ("Union") Motion for Summary Judgment (Document No. 33), and the Memorandum and Recommendation ("recommendation") of United States Magistrate Judge Calvin Botley as to both motions.[1] Objections to the recommendation were filed by Plaintiff Norman Polly ("Polly") (Document No. 57), Defendant Union (Document No. 58), and Defendant HL & P (Document No. 59). Additionally, this Court granted the Equal Employment Opportunity Commission's ("EEOC") Motion for Leave to File *Amicus Curiae* Brief in Opposition to the Memorandum and Recommendations of the Magistrate (Document No. 62) as well as the National Employment Lawyers Association's ("NELA") Motion for Leave to File Brief as *Amicus Curiae* (Docu-

ment No. 63). The EEOC and NELA submissions were received by the Court on May 24, 1993.

Having conducted a *de novo* review of both motions, the summary judgment evidence, the Magistrate Judge's recommendation, and the objections filed by the parties, and having read the EEOC's and NELA's *amicus* briefs, the Court accepts the recommendation of the Magistrate Judge, including the facts and summary judgment standard as articulated therein, with the following exceptions:

1. At Page 5, the Magistrate Judge states that

Polly failed to submit to the Court any legal authority which supports his contention that conduct that is of a sexual nature committed against a male and by other males is actionable under Title VII. To the contrary, the Congress in enacting Title VII, intended to establish equal employment opportunities for women and therefore Congress did not envision nor [sic] proscribe the conduct of which Polly now complains.

(Memorandum and Recommendation, Document No. 55 at 5). At Page 9, the Magistrate Judge concludes that "[I]t is clear from Congressional intent that Title VII claims have been limited to discrimination based upon sex, meaning between members of the opposite sex." (Memorandum and Recommendation, Document No. 55 at 9).

The question of Title VII's applicability to sexual harassment of one by another of the same sex appears to be one of first impression in this circuit. Other federal courts have arrived at inconsistent results. While the Magistrate Judge is correct in stating that at least one court that has refused to recognize a Title VII claim where the plaintiff alleged he was sexually harassed by his male co-workers, *Goluszek v. Smith,* 697 F.Supp. 1452 (N.D.Ill.1988), the majority of courts considering the issue have refused to limit Title VII's application to harassment of a female by a male. *See, e.g., Showalter v.*

---

1. Judge Botley's recommendation was signed on August 14, 1992, and was published at 803

F.Supp. 1 (S.D.Tex.1992).

*Allison Reed Group,* 767 F.Supp. 1205, 1211 (D.R.I.1991), *aff'd. on other grounds,* 984 F.2d 4 (1st Cir.1993) ("Title VII protects both males and females from sexual harassment."); *Joyner v. AAA Cooper Transportation,* 597 F.Supp. 537, 542 (M.D.Ala.1983), *aff'd. without op.,* 749 F.2d 732 (11th Cir. 1984) (finding Title VII violation where a man was sexually harassed by a male supervisor); *Henson v. City of Dundee,* 682 F.2d 897, 902 (11th Cir.1982) ("Surely a requirement that *a man* or woman run a gauntlet of sexual abuse in return for the privilege of being allowed to work and make a living can be as demeaning and disconcerting as the harshest of racial epithets.") [emphasis added]; *Wright v. Methodist Youth Services, Inc.,* 511 F.Supp. 307 (N.D.Ill.1981) (holding that male plaintiff stated a cause of action where he was terminated after refusing overt homosexual advances by his supervisor). Although some of these cases involved claims of *quid pro quo* sexual harassment, allegations not before the Court in Polly's action, the cases nonetheless provide support for the conclusion that Title VII was intended to apply to claims of harassment based on sex, without regard to the gender of the complainant or the harassing party. Such a conclusion finds further support in the EEOC's Compliance Manual, which states, at Section 615.2(b)(1): "a man as well as a woman may be the victim of sexual harassment." The EEOC Manual concludes, at Section 615.2(b)(3):

> The victim does not have to be of the opposite sex from the harasser. Since sexual harassment is a form of sex discrimination, the crucial inquiry is whether the harasser treats a member or members of one sex differently from members of the other sex. The victim and the harasser

may be of the same sex where, for instances, the sexual harassment is based on the victim's sex ... and the harasser does not treat employees of the opposite sex the same way.

EEOC Compliance Manual (CCH) § 615.-2(b)(3).

■ In light of these authorities, there is at least substantial doubt about the correctness of the Magistrate Judge's conclusion that Title VII is inapplicable to sexual harassment by males of another male. In this case, however, the issue need not be decided. This is because, assuming, without deciding, that Title VII does apply to sexual harassment of a male by his male co-workers, Plaintiff Polly has failed to produce summary judgment evidence sufficient to raise a fact issue on the existence of an essential element of his Title VII and art. 5221k claims.[2] Thus, because the issue not need be reached, the Court declines to adopt the Magistrate Judge's conclusion that sexual harassment of males against another male is not proscribed by Title VII.

■ To defeat a motion for summary judgment in a case involving a hostile environment[3] sexual harassment under Title VII, a plaintiff must demonstrate (1) that he belongs to a protected group; (2) that he was subject to unwelcome sexual harassment; (3) that the harassment complained of was based upon his sex; (4) that the harassment complained of affected a "term, condition, or privilege" of employment; and (5) that his employer knew or should have known of the harassment and failed to take remedial action. *Collins v. Baptist Memorial Geriatric Center,* 937 F.2d 190, 193 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 968, 117 L.Ed.2d 133 (1992); *citing Henson v. City of*

**2.** This opinion also does not concern itself with Title VII's applicability to harassment based on an individual's sexual orientation. It is well established, absent any change in the law by Congress, that Title VII does not protect homosexuals from harassment or discrimination in the workplace, since such treatment arises from their affectional preference rather than their sex. *Ulane v. Eastern Airlines, Inc.,* 742 F.2d 1081 (7th Cir.1984), *cert. denied,* 471 U.S. 1017, 105 S.Ct. 2023, 85 L.Ed.2d 304 (1985); *DeSantis v. Pacific Tel. & Tel. Co.,* 608 F.2d 327 (9th Cir. 1979); *Holloway v. Arthur Andersen & Co.,* 566

F.2d 659 (9th Cir.1977); *Dillon v. Frank,* 58 F.E.P. 90, 1990 WL 358586 (E.D.Mich.1990) *aff'd. without op.,* 952 F.2d 403, 58 F.E.P. 144 (6th Cir.1992).

**3.** The Court agrees with the Magistrate Judge's finding that, because the acts of harassment alleged in Polly's Complaint were committed by Polly's co-workers and not by his supervisors, the Complaint alleges only a hostile environment and not a *quid pro quo* sexual harassment claim.

*Dundee,* 682 F.2d 897, 902–905 (11th Cir. 1982). Polly has failed to produce summary judgment evidence sufficient to carry his burden at least as to the third of these elements. Specifically, Polly has not shown that, *but for* his being male, he would not have been treated by his co-workers in the manner that he was.

When asked why he thought his co-workers had harassed him, Polly responded that it was (1) because "[he] wouldn't get in their— engage in their dirty conversations or anything at that time." (Polly Deposition at 38); (2) because "[he] was going to tell [management] about what was happening over there at my area, about [his co-workers' using HL & P materials in] building the barbecue pits." (Polly Deposition at 103); (3) because his co-workers were "jealous" that Local 211 welders, including Polly had been hired by the company (Polly Deposition at 202, 205, 247, 290–291); and (4) because he had disapproved and complained of his co-workers' use of profanity at work (Polly Deposition at 175–176). On at least four·occasions, Polly stated that he "did not know" why his co-workers harassed him. (Polly Deposition at 106, 135, 214, and 202).[4]

Because Polly has failed to submit summary judgment evidence sufficient to raise a genuine issue of material fact that he was harassed by his co-workers was because of his gender, Defendants' Motion for Summary Judgment (Document No. 35) on that issue must be GRANTED, and all causes of action for sexual harassment filed herein by Plaintiff Polly under Title VII are DISMISSED.

■ 2. At Page 18, the Magistrate Judge, in recommending that the Union's Motion for Summary Judgment (Document No. 33) be denied, concludes that genuine issues of material fact exist as to whether Polly made efforts to find a baby sitter for his adolescent son on the day Polly was ordered to report to the Limestone Power Plant. However, because the parties have agreed that (1) a Collective Bargaining Agreement ("CBA")

was in effect at·the time Polly was terminated; (2) the issue of Polly's termination was submitted to an Arbitrator pursuant to the CBA; and (3) an Arbitration Award was rendered, this Court is bound by the Arbitrator's findings of fact, and cannot address the merits of the ·underlying grievance. *See Steelworkers v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Accordingly, the Court declines to adopt the Magistrate Judge's conclusion that fact issues exist regarding Polly's termination, and finds that the only remaining question to be resolved is a legal one: whether the Arbitration Award is enforceable. Because that question necessarily involves a determination of whether the Arbitration Award "draws its essence from the. CBA," or whether the Arbitrator exceeded his authority in ordering Polly's reinstatement, the Court declines to resolve it at this time, and the Union's Motion for Summary Judgment will be CARRIED with the trial of this case.

## ORDER

For the foregoing reasons, the Court adopts as its opinion the Memorandum and Recommendation of the Magistrate Judge, with the two exceptions noted above, and it is ORDERED and ADJUDGED as follows:

1. Defendants HL & P's, Wallace's, Ubernosky's, Buchman's Powell's, and Fowler's Motion for Summary Judgment (Document No. 35) is GRANTED as to

(a) Plaintiff Polly's Title VII and art. 5221k sexual harassment claims;

(b) Polly's claims of vicarious liability and negligent hiring and supervising; and

(c) Polly's claims of assault, battery, and intentional infliction of emotional distress

---

4. Only once in his deposition does Polly even suggest that the alleged harassment might have been based on his gender. (Polly deposition at 224) (when specifically asked "do you claim that the defendants in this lawsuit harassed you be-

cause you are male?," Polly responded "I'd have to say yes.") This single, conclusory allegation cannot, without more, serve to defeat a properly supported motion for summary judgment.

against Wallace, Ubernosky, Powell, and Buchman.

2. Defendants HL & P's, Wallace's, Ubernosky's, Buchman's Powell's, and Fowler's Motion for Summary Judgment (Document No. 35) is DENIED as to

(a) Polly's Title VII retaliation claims;

(b) Polly's wrongful termination claims; and

(c) Polly's assault, battery, and intentional infliction of emotional distress against Fowler.

3. Defendant International Brotherhood of Electric Workers, Local Union No. 66's ("Union") Motion for Summary Judgment (Document No. 33) will be CARRIED with the trial of this case.

4. This case is set for trial Docket Call on Friday, June 4. The parties should be prepared to try the remaining issues in this case for which summary judgment has not been granted.

The Clerk shall notify all parties and provide them with a true copy of this Order.