# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

## William J. Newberry, Intervenor,

v.

## WALDEN BOOK COMPANY, INC., d/b/a Waldenbooks, Defendant.

No. 3:93–1050.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 4, 1995.

Katharine W. Kores, Joseph Ray Terry, Steven W. Dills, Celia S. Liner, E.E.O.C., Memphis, TN, for E.E.O.C.

Larry W. Bridgesmith, Faith K. Reyes, Constangy, Brooks & Smith, Nashville, TN, for Walden Book Co., Inc.

Steve North, Mark North, Nashville, TN, for William Newberry.

## MEMORANDUM

WISEMAN, District Judge.

Defendant, Walden Book Company, Inc., d/b/a Waldenbooks ("Waldenbooks"), filed a motion on January 18, 1995 asking this Court for a judgment on the pleadings to determine whether same-sex sexual harassment is actionable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Plaintiff has alleged that William R. Newberry was harassed by his immediate supervisor at Waldenbooks, Perry Porch, who is a homosexual. For the reasons set forth below, this Court hereby DENIES this motion after finding that same-sex sexual harassment is actionable under Title VII.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The Supreme Court has interpreted this language to prohibit employers from requiring employees to work in a discriminatorily hostile or abusive environment. *Harris v. Forklift Systems, Inc.*, 510 U.S. ——, —— – ——, 114 S.Ct. 367, 369–70, 126 L.Ed.2d 295, 301 (1993). To prevail in a sexual harassment case, a plaintiff must show that but for the plaintiff's sex, the plaintiff would not have been the object of harassment. *Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 620 (6th Cir.1986).[1]

---

1. The Sixth Circuit has held that to prevail in a hostile environment sexual harassment action, a plaintiff must prove that

■ The question at issue is whether same-sex sexual harassment is cognizable under Title VII. Few federal courts have spoken on the issue of whether a homosexual supervisor who sexually pressures a subordinate of the same sex falls within the purview of Title VII. In fact, this is a question of first impression in the Sixth Circuit.

In one of the first cases to address this issue, *Wright v. Methodist Youth Services, Inc.*, a former employee brought an action against his employer alleging that he was discharged because he rejected homosexual advances made toward him by his supervisor. 511 F.Supp. 307, 310 (N.D.Ill.1981). The district court found that it is a violation of Title VII to terminate a male employee's employment because he refused homosexual advances made toward him by a male supervisor. *Id.* That court cited, with approval, *Barnes v. Costle*, 561 F.2d 983, 990 n. 55 (D.C.Cir.1977), in which the D.C. Circuit Court stated that the legal problem is the same for male on male sexual discrimination as for male on female sexual discrimination; that is, but for his sex, the employee would not have faced sex discrimination. *Wright*, 511 F.Supp. at 310. Another district court case, *Joyner v. AAA Cooper Transportation*, also involved unwelcome homosexual advances by a superior. 597 F.Supp. 537 (M.D.Ala.1983). That court expressly stated, without discussion, that homosexual harassment violates Title VII. *Id.* at 541. *See also*

*Marrero–Rivera v. Dept. of Justice*, 800 F.Supp. 1024, 1027 (D.Puerto Rico 1992) (involving woman on woman homosexual harassment; and mentioning that Title VII has been held to apply to same gender sexual harassment); *Polly v. Houston Lighting & Power Co.*, 825 F.Supp. 135, 136–37 (S.D.Tex. 1993) (ruling that plaintiff failed to show that but for his being male, he would not have been harassed by his coworkers; and declining to adopt the Magistrate's conclusion Title VII does not apply to homosexual harassment).

Other federal courts have made contrary rulings. In *Garcia v. Elf Atochem North America*, the Fifth Circuit affirmed the district court's dismissal of plaintiff's Title VII action alleging homosexual harassment by a male foreman. 28 F.3d 446, 448 (5th Cir. 1994). Without any discussion, the court adopted the holding of one of its unpublished cases and held that same-sex sexual harassment is not cognizable under Title VII, stating that Title VII is meant to address gender discrimination. *Id.* at 451–52 (quoting *Giddens v. Shell Oil Co.*, No. 92–8533, 12 F.3d 208 (5th Cir. Dec. 6, 1993) (unpublished)). *See also Fox v. Sierra Development Co.*, 876 F.Supp. 1169 (D.Nev.1995) (dismissing case for plaintiffs' failure to state a claim);[2] *Hopkins v. Baltimore Gas & Electric Co.*, 871 F.Supp. 822, 832–35 (D.Md.1994) (holding that Title VII does not provide a cause of

(1) the employee was a member of a protected class; (2) the employee was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (3) the harassment complained of was based upon sex; (4) the charged sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (5) the existence of respondeat superior liability.

*Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 619–20 (6th Cir.1986). The United States Supreme Court has modified the fourth requirement to make clear that the psychological damage to the plaintiff does not have to reach the point of a nervous breakdown for the harassment to be actionable. *Harris*, 510 U.S. at ———, 114 S.Ct. at 370–71, 126 L.Ed.2d at 302.

**2.** The *Fox* case involved a hostile environment theory of sex harassment in which supervisors at Sierra Development Co. allegedly harassed plaintiffs by means of writing, drawing, and explicitly discussing homosexual sex acts which allegedly created for plaintiffs a harmful and oppressive work environment and materially interfered with their ability to perform their work related duties. *Id.* at 1171–72. The Nevada court stated that plaintiffs must show that the work environment was hostile to men, not merely hostile on the basis of sexual orientation or preference. *Id.* at 1172. The court held that this kind of harassment is not cognizable under Title VII because there was no indication that the complained of conduct implied a hatred of or threat of violence towards men, hatred of men, or that it humiliated or ridiculed men. *Id.* at 1175–76. Thus, the court implied that it would be very difficult for plaintiffs to prove a hostile environment because an individual's reaction to homosexual conduct and content is more a matter of sexual orientation than of sexual discrimination.

action for an employee who claims to have been the victim of sexual harassment by a supervisor or coworker of the same gender); *Vandeventer v. Wabash Nat'l Corp.*, 867 F.Supp. 790, 793, 796 (N.D.Ind.1994) (holding, in a case in which a heterosexual male supervisor aimed several homosexual comments at plaintiff, that same-sex harassment claim is not actionable under Title VII; and stating that "Title VII is aimed at a gender-biased atmosphere; an atmosphere of oppression by a 'dominant' gender"); *Goluszek v. Smith*, 697 F.Supp. 1452, 1456 (N.D.Ill. 1988) (holding that Title VII does not make all forms of harassment actionable and that Title VII is meant to correct abuses of power imbalances that result in discrimination against a discrete and vulnerable group).

In *Meritor Savings Bank, FSB v. Vinson*, the Supreme Court recognized, for the first time, that a plaintiff may establish a violation of Title VII by proving that discrimination based on sex created a hostile environment, holding that "when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminates' on the basis of sex." 477 U.S. 57, 64, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986). Although *Vinson* involved the sexual harassment of a female subordinate by a heterosexual male supervisor, the language used by the Court in defining sexual harassment as discrimination based on sex was not limited to opposite sex situations.[3] Sexual harassment of a subordinate by a homosexual supervisor of the same sex is an adverse employment action that the subordinate would not have faced but for his or her sex. *See*

*Wright*, 511 F.Supp. at 310; *Joyner*, 597 F.Supp. at 542.

Waldenbooks relies heavily on *Goluszek v. Smith*, to support its contention that same-sex sexual harassment is not cognizable under Title VII. 697 F.Supp. 1452 (N.D.Ill. 1988). In *Goluszek*, plaintiff, a heterosexual male, was teased by other heterosexuals about not having a wife or girlfriend. *Id.* at 1453–55. The district court held that this kind of harassment was not actionable under Title VII primarily because Congress did not intend to sanction such actions under that statute. *Id.* at 1456.[4] Although the facts in *Goluszek* clearly were distinguishable, several other courts adopted the *Goluszek* court's reasoning in determining that sexual harassment of a male homosexual supervisor of a male employee did not fall within the purview of Title VII. *See, for example, Hopkins*, 871 F.Supp. at 833–34; *Vandeventer*, 867 F.Supp. at 796. *Goluszek* is clearly distinguishable from the instant case because *Goluszek* involved sexual teasing of a heterosexual male by other heterosexual males rather than sexual harassment of a subordinate by a homosexual supervisor. Additionally, the *Goluszek* court's requirement that for male on male sexual harassment to be actionable under Title VII, the harassment has to create an anti-male environment in the workplace, is contrary to the law regarding sexual harassment in the Sixth Circuit. 697 F.Supp. at 1456.[5] No court has ever explicitly interpreted Title VII as requiring a plaintiff to prove that the person doing the discrimination is not of the same gender. Furthermore, application of the *Goluszek* court's reasoning to this case would be illogical because it is

---

**3.** *See also Barnes v. Costle*, 561 F.2d 983, 990 n. 55 (D.C.Cir.1977) (discussing the role of gender and stating that sexual harassment of a subordinate by a homosexual supervisor of the same sex "was exaction of a condition which, but for his or her sex, the employee would not have faced," but noting that a bisexual supervisor's sexually harassing persons of both sexes equally would not constitute gender discrimination); *Joyner v. AAA Cooper Transportation*, 597 F.Supp. 537, 541–42 (M.D.Ala.1983); *Wright v. Methodist Youth Services, Inc.*, 511 F.Supp. 307, 310 (N.D.Ill.1981); *Barlow v. Northwestern Memorial Hosp.*, 30 FEP Cases 223, 224, 1980 WL 18635 (N.D.Ill.1980).

**4.** The *Goluszek* court chose "to adopt a reading of Title VII consistent with the underlying con-

cerns of Congress" rather than using "[a] wooden application of the verbal formulations created by the courts" that would have salvaged Goluszek's sexual harassment claim. *Id.*

**5.** The *Goluszek* court cited the dissenting opinion in *Rabidue*, which stated that "[t]he overall circumstances of plaintiff's workplace evince an anti-female environment." 805 F.2d at 623 (Keith, J., dissenting). The *Goluszek* court explained that "Goluszek may have been harassed 'because' he is a male, but that harassment was not of a kind which created an anti-male environment in the workplace." 697 F.Supp. at 1456.

obvious that sexual harassment by a homosexual supervisor of the same sex is exaction of a condition of employment which, but for his or her sex, an employee would not have faced.

Virtually no legislative history is available to guide the courts in interpreting Title VII's interpretation against discrimination based on sex.[6] The courts vary in determining whether the statute applies to same-gender sexual discrimination: some courts have resisted application of the statute to such discrimination,[7] while others have indicated that they would be more flexible.[8] The Supreme Court recently stated its interpretation of the congressional intent behind Title VII in *Harris v. Forklift Systems, Inc.*:

> Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). As we made clear in *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), this language "is not limited to 'economic' or 'tangible' discrimination. The phrase 'terms, conditions, or privileges of employment' evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment," which includes requiring people to work in a discriminatorily hostile or abusive environment. *Id.,* at 64, 106 S.Ct., at 2404, quoting *Los Angeles Dept. of Water and Power*

*v. Manhart,* 435 U.S. 702, 707 n. 13, 98 S.Ct. 1370, 1374, 55 L.Ed.2d 657 (1978). 510 U.S. ——, ——, 114 S.Ct. 367, 370, 126 L.Ed.2d 295, 301 (1993).

Many courts have permitted reverse discrimination actions to proceed under Title VII. Indeed, the Supreme Court has implied that Title VII does apply to other discrimination contexts by stating in *McDonnell Douglas Corp. v. Green,* that the standard for establishing a prima facie case should be modified to accommodate different employment discrimination contexts. 411 U.S. 792, 802 n. 13, 93 S.Ct. 1817, 1824 n. 13, 36 L.Ed.2d 668 (1973). In Sixth Circuit cases in which Title VII has been applied to "reverse discrimination," the court has held that

> In a case of reverse discrimination, the presumption that the circumstances which normally make out a prima facie case are indicative of discrimination is not available, absent a showing that "background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority."

*Jasany v. United States Postal Service,* 755 F.2d 1244, 1252 (6th Cir.1985) (citation omitted). *Accord Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 801–02 (6th Cir.1994). It would be untenable to allow reverse discrimination cases but not same-sex sexual harassment cases to proceed under Title VII.

Finally, the plain meaning of the phrase in Title VII prohibiting discrimination based on sex implies that it is unlawful to discriminate against women because they are women and against men because they are men. When a homosexual supervisor is making offensive

---

**6.** Sex as a basis of discrimination was added as a floor amendment one day before the House approved Title VII, without a prior hearing or debate, and was merely one congressman's gamble in an effort to thwart the adoption of the Civil Rights Act of 1964. *Ulane v. Eastern Airlines, Inc.,* 742 F.2d 1081, 1085 (7th Cir.1984) (quoting *Holloway v. Arthur Andersen & Co.,* 566 F.2d 659, 662 (9th Cir.1977)). "The ploy failed and sex discrimination was abruptly added to the statute's prohibitions against race discrimination." *Id.*

**7.** For example, the Seventh Circuit has reasoned that "[t]he total lack of legislative history supporting the sex amendment coupled with the circumstances of the amendment's adoption

clearly indicates that Congress never considered nor intended that this 1964 legislation apply to anything other than the traditional concept of sex." *Ulane,* 742 F.2d at 1085. In *Hopkins,* the court stated that when "the alleged harasser and the alleged victim are both of the same gender, the language of the statute would be strained beyond its manifest intent were the Court to hold that under these facts there has been discrimination 'because of ... sex.'" 871 F.Supp. at 834.

**8.** *See, for example, Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 64, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986) (stating that "when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminates' on the basis of sex").

sexual advances to a subordinate of the same sex, and not doing so to employees of the opposite sex, it absolutely is a situation where, but for the subordinate's sex, he would not be subjected to that treatment. Thus, this Court finds that same-sex sexual harassment is actionable under Title VII.

It is so ORDERED.