**Janice L. ECKLUND, Plaintiff,**

v.

**FUISZ TECHNOLOGY, LTD., Andrea Blake, Defendants.**

**Civ. A. No. 95–469–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 7, 1995.

---

Candace S. McCall, Fairfax, VA, for plaintiff.

Jeffrey L. Tarkenton, David & Hagner, P.C., Washington, DC, for defendants.

## MEMORANDUM OPINION

BRINKEMA, District Judge.

Before the Court is defendants' Motion for Summary Judgment, in which they argue that same sex harassment in the work place cannot be remedied under federal civil rights law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Because the Title VII claim is the only federal cause of action in plaintiff's lawsuit, defendants further argue that the Court should decline to exercise supplemental jurisdiction over the remaining counts of plaintiff's complaint which allege constructive discharge, intentional infliction of emotional distress, and assault and battery. As an afterthought, they also argue that there are no material facts in dispute as to these state law claims.

## I. Facts

The plaintiff began working as a receptionist at defendant Fuisz Technology in 1991. She alleges that during the two and a half years she worked at Fuisz Technology, defendant Andrea Blake, another employee of the corporation, repeatedly sexually harassed her. This harassment included offensive sexual comments and jokes and unwanted stroking of the plaintiff's hair and body. Plaintiff claims she complained about this conduct to defendant's human resources officer but that no one took any action to remedy the situation. Instead, she was told that Blake was a "valuable employee."

Plaintiff further alleges that Blake hugged her and forcibly kissed her at a company softball game in front of other employees in May, 1992, partially undressed in front of her at work, and made explicit comments about sexual acts. Plaintiff claims that she eventually resigned as a result of Blake's continued offensive behavior.

## II. Same Sex Discrimination

The core of defendants' Motion for Summary Judgment is their argument that same sex discrimination does not state a claim under Title VII. Although the district courts which have addressed this issue are almost evenly split, we conclude that the arguments supporting plaintiff's position that same sex discrimination is cognizable under Title VII are more persuasive.

First, we find that the literal language of Title VII supports our view. Title VII prohibits employers from discriminating "against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's ... sex." Title 42 U.S.C. § 2000e–2(a)(1).

Second, the administrative agency charged with enforcing Title VII has read the statute as we do. The Equal Employment Opportunity Commission ("EEOC") has clearly stated that Title VII protects victims of same sex discrimination in the workplace:

Example 1—If a male supervisor of male and female employees makes unwelcome sexual advances toward a male employee because the employee is male but does not make similar advances toward female employees, then the male supervisor's conduct may constitute sexual harassment since the disparate treatment is based on the male employee's sex.

See EEOC Compliance Manual § 615.2. Several district courts throughout the country have found the EEOC's interpretation of Title VII to be persuasive.[1]

Moreover, this view is not inconsistent with the United States Supreme Court's approach to Title VII. Specifically, the Court has used gender-neutral language to articulate the definition of sex discrimination under Title VII in *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 64, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986). "When a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminates' on the basis of sex." *Id.* In our view, it is significant that the Court used the terms "supervisor" and "subordinate" to articulate the definition of sexual harassment under Title VII rather than requiring cross-gender discrimination to give rise to a viable claim under the statute.

Plaintiff argues persuasively that the identity of the harasser in a Title VII suit is not relevant to whether the action is cognizable under Title VII. She supports her argument with cases including *Thomkins v. Public Service Elec. & Gas Co.,* 422 F.Supp. 553 (D.N.J. 1976), *rev'd* and *remanded,* 568 F.2d 1044 (3rd Cir.1977), which concluded that an offending supervisor could be "either male or female with homosexual, heterosexual, or bisexual tendencies" because the class for purposes of Title VII was defined by reference to those subjected to harassment and suffered adverse employment consequences as a result of this conduct. (Plaintiff's Brief, p. 4 n. 3). She points by analogy to the area of

racial discrimination arguing: "a black person who discriminates against persons darker than he, for instance, is discriminating against those blacks as much as a white person who discriminates against blacks" (Plaintiff's Brief, p. 10). See *Parrott v. Cheney,* 748 F.Supp. 312, 316 (D.Md.1989) (Court noted that same race discrimination is possible in a case in which black employee brought an action against black supervisor).

The Fifth Circuit is the only appellate court to have addressed the same sex discrimination issue. *Garcia v. Elf Atochem North America,* 28 F.3d 446 (5th Cir.1994) (citing *Giddens v. Shell Oil Co.,* 12 F.3d 208 (5th Cir. Dec. 6, 1993) (unpublished opinion)). In *Garcia,* the Court noted in dicta at the end of the opinion that "[h]arassment by a male supervisor against a male subordinate does not state a claim under Title VII even though the harassment has sexual overtones. Title VII addresses gender discrimination." *Garcia,* 28 F.3d at 451–52 (citing *Goluszek v. Smith,* 697 F.Supp. 1452 (N.D.Ill.1988)). There is no further elaboration of the reasoning behind this assertion. Like the district court in *Goluszek,* the Fifth Circuit fails to cite any binding authority or legislative history to support its conclusion.

*Goluszek* is the case upon which virtually all courts have relied in holding that same sex discrimination does not state a claim under Title VII. However, *Goluszek* does not persuade this Court and can easily be distinguished on its facts. It involved a (heterosexual) male employee who was taunted by (heterosexual) male co-workers about his single status and lack of girlfriends. In *Goluszek,* the plaintiff was being harassed *about* sexually-related matters; he was not actually being harassed *because* he was male. That factual distinction is critical to appreciate Ecklund's position. This plaintiff's allegations, if proven, would clearly establish that she was harassed solely because she is fe-

---

1. See *EEOC v. Walden Book Co.,* 885 F.Supp. 1100, 1103 (M.D.Tenn.1995); *Pritchett v. Sizeler Real Estate Mgmt. Co.,* 1995 WL 241855 (E.D.La. 1995); *McCoy v. Johnson Controls World Serv. Inc.,* 878 F.Supp. 229, 232 (S.D.Ga.1995); *Prescott v. Independent Life & Accident Insurance Co.,* 878 F.Supp. 1545 (M.D.Ala.1995); *Polly v. Houston Lighting & Power Co.,* 825 F.Supp. 135 (S.D.Tex.1993); *Marrero–Rivera v. Dept. of Justice,* 800 F.Supp. 1024 (D.Puerto Rico 1992); *Joyner v. AAA Cooper Transportation,* 597 F.Supp. 537 (M.D.Ala.1983); *Wright v. Methodist Youth Services, Inc.,* 511 F.Supp. 307 (N.D.Ill.1981); *Barnes v. Costle,* 561 F.2d 983 (D.C.Cir.1977).

male, and that is the very evil against which Title VII protects.[2]

██ In the instant case, plaintiff alleges that she experienced sexual harassment in her work place over the entire length of her employment at defendant Fuisz Technology. Sexual harassment under Title VII can take two forms: (1) *quid pro quo* harassment in which a supervisor demands sexual favors in return for job benefits or (2) hostile environment harassment. See *Rabidue v. Osceola Refining Co.,* 805 F.2d 611, 619–20 (6th Cir. 1986).

██ Defendants Blake and Fuisz Technology argue that plaintiff "does not allege any instances of quid pro quo sexual harassment." (Defendants' Brief, p. 4). To state a viable *quid pro quo* sexual harassment claim, a plaintiff must show that a "supervisor" demands sexual consideration in return for job benefits. *Raney v. District of Columbia,* 892 F.Supp. 283, 286 (D.D.C.1995). The record shows that defendant Blake was a research microscopist who did not have any type of authority over the plaintiff (Defendants' Brief, Exhibit No. 2, Affidavit of Catherine A. Kunz). Specifically, Blake had no power to hire, fire, promote, or evaluate the plaintiff. Because Blake was not in a position to grant or withhold job benefits to the plaintiff, a *quid pro quo* harassment claim cannot be sustained.

██ However, the plaintiff can still maintain a "hostile or abusive work environment" claim. See *Harris v. Forklift Systems Inc.,* 510 U.S. ——, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). In *Meritor Savings Bank, FSB v.*

*Vinson,* 477 U.S. 57, 66, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986), the Supreme Court held that "a plaintiff may establish a violation of Title VII by proving that discrimination based on sex created a hostile or abusive working environment." To prevail in a hostile environment sexual harassment action, a plaintiff must prove that

> (1) the employee was a member of a protected class; (2) the employee was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature; (3) the harassment complained of was based upon sex; (4) the charged sexual harassment had the effect of unreasonably interfering with the plaintiff's work performance and creating an intimidating, hostile, or offensive working environment that affected seriously the psychological well-being of the plaintiff; and (5) the existence of respondeat superior liability.

*Rabidue v. Osceola Refining Co.,* 805 F.2d 611, 619–20 (6th Cir.1986).

██ To maintain either type of sexual harassment claim, a plaintiff must show that "but for" the plaintiff's sex, the plaintiff would not have been subject to harassment. *Rabidue,* 805 F.2d at 620. In this case, it is clear that "but for" the plaintiff's gender, she would not have been the object of Blake's harassment.[3] The facts as alleged in this case show that a female employee, plaintiff, was continuously sexually harassed by another female employee of Fuisz Technology, Blake. Blake apparently used offensive, sexually explicit language and physically

---

2. We are mindful that three district courts in this circuit have found that same sex discrimination is not actionable under Title VII. See *Mayo v. Kiwest Corp.,* 898 F.Supp. 335, 1995 U.S.Dist. LEXIS 13770 (E.D.Va. August 8, 1995); *Benekritis v. Johnson,* 882 F.Supp. 521 (D.S.C.1995); *Hopkins v. Baltimore Gas & Elec. Co.,* 871 F.Supp. 822, 834 (D.Md.1994). The last case is pending before the Fourth Circuit as this opinion is being written. Until the Fourth Circuit provides guidance, we respectfully part company with our colleagues on this issue.

3. Although plaintiff alleges that Blake is bisexual, there are no allegations that Blake harassed any male employees at Fuisz Technologies. See Amended Complaint ¶ 15. If the plaintiff had

alleged that Blake sexually harassed both male and female employees, there would be no "disparate treatment" and therefore no actionable claim in this case:

> 'Only by a *reduction ad absurdum* could we imagine a case of harassment that is not sex discrimination—where a bisexual supervisor harasses men and women alike.' *Bundy,* 641 F.2d [934] at 942 n. 7. [1981] Thus, it is fair to read *Bundy* to stand for the proposition that only in the rare case when the supervisor harasses both sexes equally can there be no sex discrimination. If, however, the supervisor singles out one sex, then the protections of Title VII are invoked.

*Raney,* 892 F.Supp. at 288.

touched Ecklund over a two year period. Had Blake been a male employee and engaged in this type of behavior, there is no question that the plaintiff would have alleged a viable claim under the "hostile or abusive environment" prong of Title VII.

For these reasons, the Court holds that same sex discrimination in the form of sexual harassment may state an actionable claim under Title VII and that plaintiff has alleged sufficient facts to make out such a claim.

### III. Blake Improperly Named as Defendant

■ Defendants argue that Blake is improperly named as a defendant in this case because Title VII limits liability in discrimination cases to "employers." Blake was not the plaintiff's supervisor, and therefore she does not qualify as an "employer" under Title VII. See *Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989) reversed in part, vacated in part 900 F.2d 27 (1990). Therefore, Blake is dismissed as a defendant on all Title VII claims.

### IV. Pendent State Claims

At the outset, the defendants argue that all three pendent state claims should be dismissed because the Title VII claim is invalid. This Court has found that the same sex discrimination claims are cognizable under Title VII. Therefore, this Court retains supplemental jurisdiction over the constructive discharge claim, the intentional infliction of emotional distress claim, and the assault and battery claim.

#### (a) Constructive Discharge Claim

■ Defendants also argue that the plaintiff cannot sustain a claim for constructive or wrongful termination in contravention of public policy because the Virginia legislature specifically amended the Virginia Hu-

man Rights Act to prohibit such actions.[4] In *Lockhart v. Commonwealth Education Systems* 247 Va. 98, 439 S.E.2d 328 (1994), the Virginia Supreme Court applied the public policy exception to the employment at-will doctrine established in *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985) to terminations that violate the state's public policy against employment discrimination:

> We recognize that the Virginia Human Rights Act does not create any new causes of action. Code § 2.1–725. Here, we do not rely upon the Virginia Human Rights Act to create new causes of action. Rather, we rely solely on the narrow exception that we recognized in 1985 in *Bowman,* decided two years before the enactment of the Virginia Human Rights Act. Without question, it is the public policy of this Commonwealth that all individuals are entitled to pursue employment free of discrimination based on race or gender.

*Id.,* at 105, 439 S.E.2d 328.

Although the Virginia Legislature may have recently tried to overrule *Lockhart* by stating that causes of action to enforce the public policies reflected in the Virginia Human Rights Act are exclusively limited to those provided by the statute, the new statute merely restates the original statute using slightly different language.[5] The Virginia Supreme Court carefully avoided the restrictions in the old statute in relying instead on its own precedent in *Bowman.* Because *Bowman* predates the Va.H.R.A., this line of cases is clearly unaffected by the revised statute.

The plaintiff has alleged that she was "constructively" discharged by defendant Fuisz Technology. She claims that she complained to her supervisors about defendant Blake's sexual harassment and was told that Fuisz

---

4. The amendment states (in relevant part):

   causes of action based upon the public policies reflected in the [Virginia Human Rights Act] shall be exclusively limited to those actions, procedures and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances."
   Va.Code § 2.1–725(D).

5. The old statute stated:
   Nothing in this chapter creates, nor shall it be construed to create, an independent or private cause of action to enforce its provisions. Nor shall the policies or provisions of this chapter be construed to allow tort actions to be instituted instead of or in addition to the current statutory actions for unlawful discrimination.
   Va.Code Ann. § 2.1–725 (1994).

Technologies would take no action to help her. Whether these conditions were so intolerable as to constitute a constructive discharge must be resolved at trial. However, defendant Blake was not the plaintiff's supervisor and cannot be considered her employer. Therefore, she must be dismissed from this claim.

### (b) Intentional Infliction of Emotional Distress and Assault and Battery

The pendent state claims of intentional infliction of emotional distress and assault and battery remain as to defendant Blake because supervisor status is not a necessary element of these claims.

### V. Summary Judgment on the Merits

■ Almost as an afterthought, defendants raised for the first time in their rebuttal papers a claim that they should be granted Summary Judgment on the merits because plaintiff has failed to come forward with cogent evidence to rebut their pleadings. Because discovery is over we assume that the parties have developed all the evidence supporting their positions. However, neither defendants nor plaintiff have submitted deposition excerpts or other evidence to support their position. Plaintiff has formally affirmed the truth of all allegations in the complaint. Because these are specific factual assertions, not mere opinions or beliefs, this affirmation appears to be sufficient to counter defendants' motion, particularly in the absence of any deposition or other evidence supporting defendants' position.

For these reasons, defendant Fuisz Technology's Motion for Summary Judgment is DENIED in all respects and defendant Blake's is GRANTED as to Counts I and II and is DENIED in all other respects.