United States Court of Appeals,

Fifth Circuit.

No. 95-30510.

Joseph ONCALE, Plaintiff-Appellant,

v.

SUNDOWNER OFFSHORE SERVICES, INC., John Lyons, Danny Pippen, and Brandon Johnson, Defendants-Appellees.

May 20, 1996.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before SMITH, DUHÉ, and DeMOSS, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant Joseph Oncale filed this suit against Sundowner Offshore Services, Inc., ("Sundowner"), John Lyons, Danny Pippen and Brandon Johnson, alleging that he had been sexually harassed during his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). The district court granted summary judgment in favor of the defendants and dismissed Oncale's case. Because our decision in *Garcia v. Elf Atochem No. Am.,* 28 F.3d 446, 451-52 (5th Cir.1994), holds that same-sex harassment is not cognizable under Title VII, we affirm.

*BACKGROUND*

Joseph Oncale was employed by Sundowner on an offshore rig from August to November 1991. Oncale filed this Title VII action against Sundowner, John Lyons, his Sundowner supervisor, and Danny

1

Pippen and Brandon Johnson, two Sundowner co-workers, alleging sexual harassment. Oncale alleges that the harassment included Pippen and Johnson restraining him while Lyons placed his penis on Oncale's neck, on one occasion, and on Oncale's arm, on another occasion; threats of homosexual rape by Lyons and Pippen; and the use of force by Lyons to push a bar of soap into Oncale's anus while Pippen restrained Oncale as he was showering on Sundowner premises. Oncale alleges both *quid pro quo* and hostile work environment sexual harassment.[1] Oncale quit his job at Sundowner soon after the shower incident.

The district court granted summary judgment on Oncale's Title VII claim, relying upon our statement in *Garcia v. Elf Atochem No. Am.,* 28 F.3d 446, 451-52 (5th Cir.1994), that harassment by a male supervisor against a male subordinate does not state a claim under Title VII. Thus, the court concluded that it was "compelled to find that Mr. Oncale, a male, has no cause of action under Title VII for harassment by male co-workers." Finally, the court found that Oncale's co-workers, Pippen and Johnson, could not be held

---

[1]Sexual harassment in the workplace violates Title VII if it constitutes *quid pro quo* harassment, i.e., a supervisor conditions job benefits either explicitly or implicitly on an employees participation in sexual activity, *see Jones v. Flagship Int'l,* 793 F.2d 714, 721-22 (5th Cir.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 952, 93 L.Ed.2d 1001 (1987), or if it alters an employee's working conditions by creating a hostile work environment because of the employee's sex. *See Harris v. Forklift Systems, Inc.,* 510 U.S. 17, ----, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993).

liable as "employers" under Title VII.

*DISCUSSION*

*Precedential Value of Garcia*

Title VII makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to ... terms, conditions, or privileges of employment, because of such individual's ... sex...." 42 U.S.C. § 2000e-2(a)(1). Appellant and the Equal Employment Opportunity Commission (as *Amicus Curiae*) argue that Title VII's prohibition against sex discrimination and the Supreme Court's sexual harassment decisions are formulated in gender-neutral terms, and therefore, prohibit all discrimination *because of sex,* whether it is discrimination against men or women. *See Harris v. Forklift Systems, Inc.,* 510 U.S. 17, ----, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (referring to "victims" of sexual harassment, and not just female victims, and adopting "reasonable person" standard for measuring offensiveness of work environment); *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986) (" "Surely a requirement that a *man or woman* run a gauntlet of sexual abuse in return for the privilege of being allowed to work and make a living can be as demeaning and disconcerting as the harshest of racial epithets.' ") (emphasis added) (quoting *Henson v. Dundee,* 682 F.2d 897, 902 (11th Cir.1992)). Under this reading of the statute, so long as the plaintiff proves that the harassment is because of the victim's

3

sex, the sex of the harasser and victim is irrelevant.

This panel, however, cannot review the merits of Appellant's Title VII argument on a clean slate. We are bound by our decision in *Garcia v. Elf Atochem No. Am.,* 28 F.3d 446, 451-52 (5th Cir.1994), and must therefore affirm the district court. Although our analysis in *Garcia* has been rejected by various district courts,[2] we cannot overrule a prior panel's decision. In this Circuit, one panel may not overrule the decision, right or wrong, of a prior panel in the absence of an intervening contrary or superseding decision by the Court *en banc* or the Supreme Court. *Pruitt v. Levi Strauss & Co.,* 932 F.2d 458, 465 (5th Cir.1991).

This Circuit's same-sex Title VII jurisprudence began with *Giddens v. Shell Oil Co.,* 12 F.3d 208 (5th Cir.1993) (per curiam) (unpublished), *cert. denied,* --- U.S. ----, 115 S.Ct. 311, 130 L.Ed.2d 274 (1994). Although the holding in that case is not entirely clear, it appears that the Court ruled that male-on-male

---

[2]These cases include *Williams v. District of Columbia,* 916 F.Supp. 1, 8 (D.D.C.1996); *Sardinia v. Dellwood Foods, Inc.,* 1995 WL 640502, at *4-5 (S.D.N.Y. Nov. 1, 1995); *King v. M.R. Brown, Inc.,* 911 F.Supp. 161, 167 (E.D.Pa.1995); *Ecklund v. Fuisz Technology, Ltd.,* 905 F.Supp. 335, 338 (E.D.Va.1995); *Raney v. District of Columbia,* 892 F.Supp. 283, 286 (D.D.C.1995); *Griffith v. Keystone Steel & Wire,* 887 F.Supp. 1133, 1136 (C.D.Ill.1995); *E.E.O.C. v. Walden Book Co., Inc.,* 885 F.Supp. 1100, 1101 (M.D.Tenn.1995); *Roe v. K-Mart Corp.,* 1995 WL 316783, at *1 (D.S.C. March 28, 1995); *Prescott v. Independent Life & Accident Ins. Co.,* 878 F.Supp. 1545, 1550 (M.D.Ala.1995); *McCoy v. Johnson Controls World Services, Inc.,* 878 F.Supp. 229, 231 (S.D.Ga.1995).

4

harassment with sexual overtones is not sex discrimination without a showing that an employer treated the plaintiff differently because of his sex. Next, in *Garcia,* we extended *Giddens* to bar all same-sex sexual harassment claims:

> Finally, we held in *Giddens v. Shell Oil Co.,* No. 92-8533 [12 F.3d 208] (5th Cir. Dec. 6, 1993) (unpublished), that "[h]arassment by a male supervisor against a male subordinate does not state a claim under Title VII even though the harassment has sexual overtones. Title VII addresses gender discrimination.' *Accord Goluszek v. Smith,* 697 F.Supp. 1452, 1456 (N.D.Ill.1988). Thus, what Locke did to Garcia could not in any event constitute sexual harassment within the purview of Title VII, and hence summary judgment in favor of all defendants was proper on this basis also.

This discussion seems to indicate clearly that same-sex harassment claims are not viable under Title VII. When read in its proper context, however, this final paragraph of the *Garcia* opinion poses an interpretive problem. Because the Court had already found an independent basis to affirm the grant of summary judgment to each defendant, no part of this analysis is necessary to support the ultimate decision. Thus, the question arises whether we should treat *Garcia* 's pronouncement on same-sex sexual harassment as binding precedent or dictum. When faced with this issue, some district courts in this Circuit (like the trial court here) have applied *Garcia* to dismiss same-sex harassment claims. *See Sarff v. Continental Express,* 894 F.Supp. 1076, 1082 (S.D.Tex.1995); *Myers v. City of El Paso,* 874 F.Supp. 1546, 1548 (W.D.Tex.1995). Others, by contrast, have ruled that *Garcia* 's statements about same-sex harassment are dicta. *See Pritchett v. Sizeler Real Estate Mgmt.*

5

*Co.,* 1995 WL 241855, at *2 (E.D.La. April 25, 1995); *Castellano v. Whole Foods Market, Inc.,* No. H-94-2673, slip op. at 7-8 (S.D.Tex. October 26, 1995).

We read *Garcia* 's analysis of sexual harassment as binding precedent. After stating that Title VII does not recognize male-on-male claims, the Court explicitly stated that summary judgment "was proper on this basis also." This language suggests that the same-sex rationale for rejecting Garcia's claim is an alternative holding, which we treat as *stare decisis* in this Circuit. "It has long been settled that all alternative rationales for a given result have precedential value. "It does not make a reason given for a conclusion *obiter dictum,* because it is the only one of two reasons for the same conclusion.' " *McClellan v. Mississippi Power & Light Co.,* 545 F.2d 919, 925 n. 21 (5th Cir.1977) (quoting *Richmond Screw Anchor Co. v. United States,* 275 U.S. 331, 340, 48 S.Ct. 194, 196, 72 L.Ed. 303 (1928)). Moreover, another panel of this Court has recognized *Garcia* as binding precedent on the issue of same-sex harassment, thereby resolving any uncertainty about *Garcia* 's precedential force. *See Blake v. City of Laredo,* 58 F.3d 637 (5th Cir.1995) (per curiam) (unpublished). Therefore, *Garcia* remains the law of this Circuit.[3]

---

[3]Although no circuit split yet exists, other circuits have indicated that same-sex claims should not be excluded from Title VII's purview. *See, e.g., Baskerville v. Culligan Int'l Co.,* 50 F.3d 428, 430 (7th Cir.1995) (In a heterosexual harassment

*CONCLUSION*

For the foregoing reasons, the decision of the district court is AFFIRMED.

---

action, the court noted parenthetically that "[s]exual harassment of women by men is the most common kind, but we do not mean to exclude the possibility that sexual harassment of men by women, or men by other men, or women by other women would not be actionable in appropriate cases."). Similarly, in concurring with the Second Circuit's decision in *Saulpaugh v. Monroe Community Hosp.,* 4 F.3d 134, 148 (2d Cir.1993), *cert. denied, ---* U.S. ----, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994), Judge Van Graafeiland observed, "harassment is harassment regardless of whether it is caused by a member of the same or opposite sex." The District of Columbia Circuit has also acknowledged the possibility of actionable sexual harassment under Title VII where "a subordinate of either gender" is harassed "by a homosexual superior of the same gender." *Barnes v. Costle,* 561 F.2d 983, 990 n. 55 (D.C.Cir.1977).

The Fourth Circuit, by contrast, recently held that harassment among *heterosexuals* of the same sex cannot give rise to a hostile environment sexual harassment claim under Title VII. *McWilliams v. Fairfax County Board of Supervisors,* 72 F.3d 1191, 1195-96 (4th Cir.1996). *McWilliams,* however, explicitly does not "purport to reach any form of same-sex discrimination claim where either victim or oppressor, or both, are homosexual or bisexual." *Id.* at 1195 n. 4. In a later decision, the Fourth Circuit in dicta expressed its disagreement with the reasoning of *Garcia. Hopkins v. Baltimore Gas & Electric Co.,* 77 F.3d 745, 751 (4th Cir.1996).