Veronica **MYERS,**

v.

**CITY OF EL PASO.**

No. EP–94–CA–173–DB.

United States District Court,
W.D. Texas,
El Paso Division.

Feb. 2, 1995.

Antonio Cortez, El Paso, TX, for plaintiff.

Daniel H. Hernandez, City Attorneys', El Paso, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

BRIONES, District Judge.

On this day, the Court considered the Motion for Summary Judgment, filed by Defendant in the above-captioned cause. A hearing on the matter was held January 30, 1995, as preparation for trial which was to be held later that same day. After due consideration, the Court is of the opinion that the motion should be granted as set forth below. The parties agreed that given the procedural and evidentiary posture of the case, that the remaining matters before the Court were intertwined with the basic issue which is subject of this opinion and therefore trial was no longer necessary.

### Statement of Facts

Veronica Myers, (herein "Myers" or "Plaintiff") sued the City of El Paso ("Defendant" or "City") under Title 42, U.S.C. §§ 2000e, *et seq.* Myers is a Hispanic female. Plaintiff did properly exhaust administrative remedies before receiving her right-to-sue letter on March 3, 1994.

Plaintiff initially worked for Defendant in the Library Department. She received a transfer and began working for Defendant as a Transit Information Clerk in the Sun Metro Department on October 28, 1991. Such a transfer included a six month probationary period. The period is standard policy for transfers and new hires in city employment.

Myers contends that she was subject to unwelcome and inappropriate sexual advances made by her supervisor, Reyna Sanchez, ("Sanchez"). Sanchez is a Hispanic female. The office staff of the Sun Metro Department was, at the time, almost entirely female, the only exception being the runner. Myers contends that on several different occasions, beginning shortly after she transferred into the department, Sanchez made comments regarding the size of Myers' breasts, buttocks, hair and clothing. Over the course of the probationary period Sanchez touched Myers clothing, ostensibly to feel the fabric, but in a manner which Myers found offensive. On another occasion, Sanchez turned Myers around by the hips and opened Myers' blazer to "see what you have underneath." Sanchez touched Myers' hair on several occasions and remarked on its luminosity. In January 1992, Sanchez slid a pen down Myers blouse while Myers was on the phone and unable to respond. Myers complained to the Personnel Department but did not receive assistance.

Plaintiff contends that because of the conduct of Sanchez, she was unable to complete her probationary period in her new job. Thereafter, Plaintiff returned to her previous job in the Library Department. For summary judgment purposes, the allegation of sexual advances is taken as true.

### Discussion

Summary Judgment is warranted where the pleadings and evidence on file show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R.CIV.P. 56(c). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Where a movant demonstrates that there is an absence of genuine issues of material fact, summary judgment is appropriate. *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

"[I]f the record, taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.,* 948 F.2d 972, 974 (5th Cir.1991) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). In determining whether a genuine issue of material fact exists, the evidence must be viewed in the light most favorable to the nonmovant. *Gremillion v. Gulf Coast Catering Co.,* 904 F.2d 290, 292 (5th Cir.1990).

■ In the case at bar, the Fifth Circuit has clearly and succinctly stated that Title VII addresses gender discrimination and does not allow a claim for same-gender discrimination. *Garcia v. Elf Atochem North America,* 28 F.3d 446, 451 (5th Cir.1994). "[H]arassment by a male supervisor against a male subordinate does not state a claim under Title VII even though the harassment has sexual overtones. Title VII addresses gender discrimination." *Id. citing Giddens v. Shell Oil Co.,* 12 F.3d 208 (5th Cir.1993); *Accord Goluszek v. Smith,* 697 F.Supp. 1452, 1456 (N.D.Ill.1988); *See also Vandeventer v. Wabash National Corp.,* 867 F.Supp. 790 (N.D.Ind.1994); *Hopkins v. Baltimore Gas and Electric Corp.,* 871 F.Supp. 822 (D.Md 1994). Myers' claim is one for same-gender discrimination: there is no dispute as to the material facts that Myers is female, as is her superior, Sanchez. Under Fifth Circuit law, Myers' claim of sexual harassment must fail.

Consequently, it is ORDERED that pursuant to FED.R.CIV.P. 56, Defendant's Motion for Summary Judgment is GRANTED.

Further, it is ORDERED that pursuant to FED.R.CIV.P. 58, that Defendant have judgment in its favor against Plaintiff.

Finally, it is ORDERED that all parties shall bear their own costs.