Robert **FREDETTE,** Plaintiff,

v.

**BVP MANAGEMENT ASSOCIATES,** Defendant.

No. 94–325–CIV–ORL–18.

United States District Court, M.D. Florida, Orlando Division.

Sept. 11, 1995.

Tobe M. Lev, Egan, Lev & Siwica, Orlando, FL, for Robert Fredette.

Arch Y. Stokes, John R. Hunt, Stokes & Murphy, Atlanta, GA, Susan K. McKenna, Garwood, McKenna & McKenna, Orlando, FL, for BVP Management Associates, Royal Palace Hotel Associates, Buena Vista Hospitality Group.

Alan M. Gerlach, Jr., Broad & Cassel, Orlando, FL, for Dana Sunshine.

## ORDER

G. KENDALL SHARP, District Judge.

Robert Fredette (Fredette) brings this action against BVP Management Associates (BVP) for hostile work environment and *quid*

*pro quo* discrimination on the basis of sex under Title VII of the Civil Rights Act of 1964, as amended, (Title VII) 42 U.S.C. § 2000e, *et seq.* (1992) (Count I), and the Florida Human Rights Act of 1977, as amended, (FHRA) Fla.Stat. ch. 760, *et seq.* (1993) (Count III). Additionally, Fredette sues BVP for retention of pooled tips under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (1992) (Count II). BVP filed a motion for summary judgment on all three counts, and Fredette responded in opposition. (Docs. 54, 66.) The court referred BVP's summary judgment motion to the United States Magistrate Judge for preparation of a report and recommendation. In his report and recommendation, the Magistrate judge recommends that the court deny the motion for summary judgment. BVP filed an objection to the report and recommendation, and Fredette filed a response to BVP's objection. (Docs. 94, 95.) Based on a review of the case file and relevant law, the court finds that Title VII and the FHRA do not provide a cause of action for discrimination based on sexual orientation or preference. Thus, BVP is entitled to summary judgment on Counts I and III of the complaint. However, as to Count II of the complaint, the court accepts the Magistrate Judge's recommendation and denies BVP's motion for summary judgment because genuine issues of material fact exist and render summary disposition inappropriate.

## I. Facts

Upon review of the report and recommendation, the court adopts the Magistrate Judge's finding of facts. Further, the court notes that BVP does not object to the finding of facts but rather objects to the Magistrate Judge's application of the law to the facts.

## II. Legal Discussion

### A. *Standards of Review*

#### 1. *Report and Recommendation*

■ Upon submission of a magistrate judge's report and recommendation on a motion for summary judgment, the court makes a *de novo* determination on the record of any portion of the magistrate judge's disposition to which a party has made a specific, written objection. Fed.R.Civ.P. 72(b); *E.E.O.C. v.*

*Harris Chernin, Inc.,* 767 F.Supp. 919, 922 (N.D.Ill.1991), *aff'd in part, reversed in part on other grounds,* 10 F.3d 1286 (7th Cir. 1993); *Manocchio v. Sullivan,* 768 F.Supp. 814, 816 (S.D.Fla.1991). The court "must look at all the evidence contained in the record and retains final authority over determination of the dispositive motion." *Harris Chernin,* 767 F.Supp. at 922. The court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b); L.Rule 6.02(a), M.D.Fla.

#### 2. *Summary Judgment*

Summary judgment is authorized if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2514; *see Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). The moving party may rely solely on his pleadings to satisfy this burden. *Celotex,* 477 U.S. at 323–24, 106 S.Ct. at 2552–53; Fed.R.Civ.P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-

moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citations omitted).

### B. Report and Recommendation

#### 1. Counts I and III

■ The threshold issue underlying Counts I and III is whether Title VII and the FHRA support a claim of sexual discrimination among members of the same gender based upon one's sexual orientation or preference. The court concludes that neither statute supports such a claim.

■ Title VII and the FHRA both provide, in pertinent part, that it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex...." *See* 42 U.S.C. § 2000e–2(a)(1); Fla.Stat. ch. 760.10(1)(a). Because the FHRA essentially mirrors Title VII, federal case law construing Title VII is applicable to the FHRA. *See Florida Dep't of Community Affairs v. Bryant,* 586 So.2d 1205, 1209 (Fla.Dist.Ct.App.1991).

■ Title VII unquestionably protects men as well as women from discrimination and harassment on the basis of sex. *See e.g., Henson v. City of Dundee,* 682 F.2d 897, 903 (11th Cir.1982) (indicating that both men and women are protected groups for Title VII purposes). However, the determinative factor is that the discrimination or harassment would not have occurred "but for the fact of [the plaintiff's] sex." *Id.* at 904 (emphasis added). Further, the term "sex" as used in Title VII is not synonymous with "sexual preference." *E.g., Ulane v. Eastern Airlines,* 742 F.2d 1081, 1082 (7th Cir.1984), *cert. denied,* 471 U.S. 1017, 105 S.Ct. 2023, 85 L.Ed.2d 304 (1985); *Sommers v. Budget Mktg, Inc.,* 667 F.2d 748, 750 (8th Cir.1982) (per curiam); *DeSantis v. Pacific Tel. & Tel. Co.,* 608 F.2d 327, 329–30 (9th Cir.1979). In addition, unless otherwise defined, statutory language should be given its ordinary, common meaning. *Perrin v. United States,* 444

U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). Thus, "the phrase in Title VII prohibiting discrimination based on sex, in its plain meaning, implies that it is unlawful to discriminate against women because they are women and against men because they are men." *Ulane,* 742 F.2d at 1085.

■ Consequently, "harassment by a male supervisor against a male subordinate does not [necessarily] state a claim under Title VII even though the harassment has sexual overtones. Title VII addresses gender discrimination." *Garcia v. Elf Atochem North Am.,* 28 F.3d 446, 451–52 (5th Cir.1994); *see also Ulane,* 742 F.2d at 1084; *Benekritis v. Johnson,* 882 F.Supp. 521 (1995) (following *Garcia* ); *Myers v. City of El Paso,* 874 F.Supp. 1546, 1548 (W.D.Tex.1995) (same); *Vandeventer v. Wabash Nat'l Corp.,* 867 F.Supp. 790, 796 (N.D.Ind.1994) (same); *Hopkins v. Baltimore Gas & Elec. Co.,* 871 F.Supp. 822, 833 (D.Md.1994) (same); *but see Prescott v. Independent Life & Accident Ins. Co.,* 878 F.Supp. 1545, 1549–50 (M.D.Ala. 1995) (finding that Title VII protects against same sex sexual harassment); *McCoy v. Johnson Controls World Servs., Inc.,* 878 F.Supp. 229, 231–32 (S.D.Ga.1995) (same); *Joyner v. AAA Cooper Transp.,* 597 F.Supp. 537, 541 (M.D.Ala.1983), *aff'd without written op.,* 749 F.2d 732 (11th Cir.1984).

■ The facts of this case show that the restaurant manager's attraction to Fredette stemmed from the fact that Fredette was a man. However, the discriminatory actions and threats complained of arose only after Fredette refused the manager's advances and innuendo. Further, nothing in the facts indicate that Fredette would have suffered the claimed discrimination had he accepted the manager's sexual advances. To the contrary, other male restaurant employees informed Fredette that he could get any table assignment or promotion he desired if he would honor the manager's requests.

Thus, if Fredette suffered the claimed harassment or discrimination at the hands of the restaurant manager, it stemmed not from the fact that Fredette was a man, but rather from the fact that Fredette refused the manager's propositions and did not share the

same sexual orientation or preferences as the manager. Title VII does not provide a cause of action for discrimination or harassment levied because of one's sexual orientation or preference. *See Garcia,* 28 F.3d at 451–52; *Ulane,* 742 F.2d at 1082; *Henson,* 682 F.2d at 901, 904 (finding that Title VII protects against discrimination based on one's "gender" or "the fact of [one's] sex"). Any expansion of Title VII or the FHRA that would include such a cause of action is for either Congress or the Florida legislature, and not this court, to make. Consequently, the court concludes that Fredette has not stated a claim under Title VII or the FHRA, which entitles BVP to summary judgment on Counts I and III of the complaint.

### 2. Count II

In Count II of his complaint, Fredette claims that BVP violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (1992), by allowing the restaurant manager to retain a share of the restaurant waiters' pooled tips. In his report and recommendation, the Magistrate Judge recommends that the court deny summary judgment on Count II because disputed issues of material fact remain. The court agrees, accepts the Magistrate Judge's recommendation, and denies summary judgment as to Count II.

### III. Conclusion

The court finds that Title VII and the FHRA do not provide a cause of action for discrimination or harassment based upon one's sexual orientation or preference. Further, the court finds no genuine issue of material fact that would justify bringing Counts I and III to trial. Accordingly, the court rejects the Magistrate Judge's recommendation, (Doc. 85.), and GRANTS summary judgment in favor of BVP as to Counts I and III. As to Count II, the court accepts the Magistrate Judge's recommendation and DENIES summary judgment. The court directs the clerk of court to enter judgment in favor of BVP on Counts I and III of the complaint.

It is SO ORDERED.