896 F.Supp. 805 (1995)
Wayne BLOZIS, Jr., Arnold Ward, Jason Abbott, and Kirby Norwood, Plaintiffs,
v.
MIKE RAISOR FORD, INC., Mike Raisor, Dee Catell, Fred Neal, and Clark Glick, Defendants.
No. 4:95 cv 14 AS.
United States District Court, N.D. Indiana, Hammond Division.
April 3, 1995.
Terry R. Boesch, Spangler Jennings and Dougherty P.C., Merrillville, IN, for plaintiffs.
*806 Stephanie C. Doran, Charles H. Scruggs, Scruggs and Doran, Kokomo, IN, and Marshall R. Crawford, Crawford and Thayer, Lafayette, IN, for defendants.

MEMORANDUM AND ORDER
ALLEN SHARP, Chief Judge.
This cause is before the court on defendant Clark Glick's Motion to Dismiss filed March 14, 1995. The male plaintiffs in this case have accused Mr. Glick of male-on-male sexual harassment, which the defendants contend is not actionable, citing this court's opinion in Vandeventer v. Wabash National Corp., 867 F.Supp. 790 (N.D.Ind.1994).
An important distinction between the present case and Vandeventer is that the motion now before the court in this case is a 12(b)(6) motion to dismiss on the pleadings, and Vandeventer was a summary judgment decision. There is no need to cite all the case law requiring great restraint in motions to dismiss. Parties requesting dismissal prior to discovery or the introduction of evidence bear a very great burden.
In Vandeventer, this court in granting summary judgment as to same-sex sexual harassment relied on Ulane v. Eastern Airlines, 742 F.2d 1081 (7th Cir.1984) ("Congress manifested an intention to exclude homosexuals from Title VII coverage.... The phrase in Title VII prohibiting discrimination based on sex, in its plain meaning, implies that it is unlawful to discriminate against women because they are women and against men because they are men.... Congress never considered nor intended that this 1964 legislation apply to anything other than the traditional concept of sex." Id. at 1084.), cert. den., 471 U.S. 1017, 105 S.Ct. 2023, 85 L.Ed.2d 304 (1985); Goluszek v. Smith, 697 F.Supp. 1452, 1456 (N.D.III.1988); Garcia v. Elf Atochem North America, 28 F.3d 446, 451 (5th Cir.1994) ("[h]arassment by a male supervisor against a male subordinate does not state a claim under Title VII even though the harassment has sexual overtones. Title VII addresses gender discrimination."); Dillon v. Frank, 58 Fair Emp.Prac.Cas. (BNA) 90, 1990 WL 358586 (E.D.Mich.1990), aff'd, 952 F.2d 403 (6th Cir.1992) (Table; Text in Westlaw).
Last month, Chief Judge Posner wrote the definitive opinion on Title VII sexual harassment, Baskerville v. Culligan International Co., 50 F.3d 428 (7th Cir.1995). In parenthetical dicta, he noted "(Sexual harassment of women by men is the most common kind, but we do not mean to exclude the possibility that sexual harassment of men by women, or men by other men, or women by other women would not also be actionable in appropriate cases.)" Dicta does not constitute precedent, and for good reason. The issue of whether same-sex harassment is actionable under Title VII was not before the court in Baskerville, and that court certainly did not bottom its decision on such concept.
However, this court does believe that it would be going too far to deny that there is any possible basis of relief for same-sex sexual harassment under Title VII. As was discussed in Vandeventer, the issue under Title VII is discrimination based on one's gender; "[t]his court agrees with the Goluszek analysis that Title VII is aimed at a gender-biased atmosphere; an atmosphere of oppression by a `dominant' gender. See Goluszek v. Smith, 697 F.Supp. at 1456." Vandeventer, 867 F.Supp. at 796. In Vandeventer, no evidence was produced that the plaintiff was harassed because he was a male. 867 F.Supp. at 796. The evidence in that case demonstrated that the atmosphere in the workplace was not "anti-male." Id.
This court believes that the common basis of all relevant caselaw in this area is the proposition that Title VII addresses gender-based harassment and gender-based hostile environment; in other words, gender bias. The EEOC's Compliance Manual, Section 615.2(b)(3) states that "the crucial inquiry is whether the harasser treats a member or members of one sex differently from members of the other sex," whether or not the victim is of the opposite sex from the harasser. That means that a man can state a claim under Title VII for sexual harassment by another man only if he is being harassed *807 because he is a man.[1] There may or may not be homosexual aspects to such harassment. There may or may not be hatred of one's own gender involved.
The words "sex" and "sexual" create definitional problems because they can mean either "relating to gender" or "relating to sexual/reproductive behavior." The two are not the same, but are certainly related and easily confused. Title VII only recognizes harassment based on the first meaning, although that frequently involves the second meaning. However, harassment which involves sexual behavior or has sexual behavior overtones (i.e., remarks, touching, display of pornographic pictures) but is not based on gender bias does not state a claim under Title VII.[2]
The distinction makes little difference when dealing with male-on-female or female-on-male sexual harassment; at least, it has typically been treated as one and the same. When a man touches a woman in a sexual manner, or asks her to have sexual relations with him, it can be assumed that he is doing so because she is a woman. Her gender is not incidental. It is only with same-sex harassment that the distinction becomes very important. Some courts try to address the distinction by framing it as a homosexuality issue; this court does not believe that to be the proper course. A man can conceivably display anti-male bias without being homosexual.
The court will take this opportunity to make counsel on both sides aware of two very recent Seventh Circuit opinions by Chief Judge Posner. The court has already mentioned Baskerville v. Culligan International Co., 50 F.3d 428 (7th Cir.1995), in which the court of appeals overturned a plaintiff's jury verdict in a Title VII sexual harassment case for resting on insufficient evidence. That case provides a very comprehensive explication of the requirements for actionable sexual harassment under Title VII. It also provides a very clear framework regarding the employer's liability for the sexually-harassing actions of employees.
Counsel should also extensively familiarize themselves with Russell v. Acme-Evans Co., 51 F.3d 64 (7th Cir.1995), in which the court of appeals affirmed the district court's grant of summary judgment to the defendants in a Title VII racial discrimination case. Judge Posner delves deeply into the evidentiary requirements of resisting summary judgment. He acknowledges the "practical inability of a plaintiff in a Title VII case to get past summary judgment unless he presents evidence other than what comes out of his own mouth," and the cost and disadvantage to the plaintiff this creates. Id., at 70. However, the court of appeals states that the defendants have procedural rights conferred by settled law, and the court is powerless to lighten the plaintiff's significant burden. Id. It is a burden "necessary to distinguish the real from the spurious cases of discrimination." Id.
These two opinions make clear the very significant burden on a plaintiff complaining *808 of sexual harassment under Title VII. This court believes that all parties to such cases should be aware of these two recent slip opinions, because this court will be using these standards in deciding summary judgment motions.

CONCLUSION
It is being the victim of anti-male or anti-female bias that forms the basis of a Title VII sexual harassment claim, not simply being exposed to "sexual"-type comments or behavior. Title VII is meant to rectify gender bias in the workplace, not per se to outlaw foul mouths or obscenities. Sometimes sexually-explicit comments are evidence of or constitute gender bias, and sometimes not. Absent extenuating circumstances, it would seem difficult to prove that sexually explicit words or conduct between men would demonstrate an anti-male atmosphere. Difficult, but not impossible, which dooms for the time being this motion to dismiss.
If the plaintiffs can prove that they were discriminated against because they were men, then they can state a claim under Title VII. Plaintiffs allege that defendant Glick's sexual harassment of them was "of a homosexual nature." Whether or not that was the case, if the defendant harassed and discriminated against the plaintiffs because they were men, the plaintiffs can state a claim. Therefore, this court DENIES the defendants' motion to dismiss without prejudice for these defendants to advance appropriate arguments using Rule 56 of the Federal Rules of Civil Procedure. SO ORDERED.
NOTES
[1] See generally, Carr v. Allison Gas Turbine, 32 F.3d 1007, 1009 (7th Cir.1994) (Question was "whether the plaintiff was, because of her sex, subjected to" harassment. (emphasis added)); Rabidue v. Osceola Refining Co., 805 F.2d 611, 620 (6th Cir.1986) ("[T]o prove a claim of abusive work environment premised upon sexual harassment, a plaintiff must demonstrate that she would not have been the object of harassment but for her sex."), cert. denied, 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987).

The statute itself clearly outlaws gender discrimination, not simply harassment through comments or actions considered "dirty" or with "sexual" overtones. Title VII makes it "an unlawful employment practice for an employer ... to discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Sex" in this context means gender, not behavior or affectation.
[2] In Vandeventer, a male co-worker called the male plaintiff a "dick sucker." 867 F.Supp. at 796. This was an epithet, not a sexual advance. The "harasser" taunted the victim by saying the victim was homosexual, but there was no evidence or even allegation that either man was homosexual or believed the other to be. While the epithet used and the taunting had a "sexual" component, as do most expletives, the crucial point was that the "harasser" was not aiming expletives at the victim because of the victim's maleness. He was taunting the victim because he did not like him; there was no proof that the abuse was based on the "harasser's" disdain for the victim's gender. Thus, it was not actionable under Title VII.