**Aixa Leon NOGUERAS, Plaintiff,**

**v.**

**UNIVERSITY OF PUERTO RICO, et al., Defendants.**

Civ. No. 95–1021(PG).

United States District Court, D. Puerto Rico.

June 13, 1995.

Federico Lora López, San Juan, PR, for plaintiff.

James D. Noel III, Mayra Maldonado Colón, Federal Litigation Div., Dept. of Justice, Com. of PR, San Juan, PR, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

### I.

### Introduction

Pending are motions to dismiss filed by co-defendant Margarita Benítez (Dkt. 15) and all other co-defendants (Dkt. 10, 12, 26, 27), and plaintiff's motions in opposition (Dkt. 22, 25). For the reasons set forth below, the motions to dismiss are **GRANTED IN PART AND DENIED IN PART.**

### II.

### Facts

Plaintiff was employed as a librarian at the University of Puerto Rico, Cayey campus. She alleges that her female supervisor (co-defendant Yamila Azize) and a female library consultant (co-defendant Evelyn Otero) sexually harassed plaintiff by touching her, making sexually-charged remarks about plaintiff's clothing and appearance, inviting plaintiff to engage in sexual activity, and commenting that men are "not necessary for enjoyment." Plaintiff also alleges that although she informed numerous officials of the University of Puerto Rico about the harassment, the officials did not investigate the complaints, did not prevent the harassment from continuing, and permitted the supervisor to influence the committee that evaluated plaintiff's job performance. These officials (Margarita Benítez, Janice Gordils, Blanca Borges, Sonia Cruz, and José Monserrate) are named as co-defendants in the Complaint.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission in December 1993. In the text of the charge, plaintiff alleged that she had "complained" to Benítez and Gordils, but that her complaints were "to no avail and the situation has gotten worse." The E.E.O.C. charge also claims that plaintiff was "supervised by" Borges. Plaintiff's E.E.O.C. charge does not name Cruz or describe her activities in connection with the allegations underlying the Complaint. Finally, Monserrate, who replaced Benítez in August 1994, after plaintiff filed her E.E.O.C. complaint, has not been named in any E.E.O.C. complaint in connection with this case.

### III.

### Complaint

Plaintiff alleges that defendants are guilty of sexual harassment and retaliation, giving

rise under federal law to causes of action pursuant to 42 U.S.C. § 2000e (Civil Rights Act of 1964, Title VII), 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution. Plaintiff also claims that defendants are liable for their actions under Puerto Rico's Law 100 (P.R. Laws Ann., tit. 29, § 146), Law 17 (P.R. Laws Ann., tit. 29, § 155), Law 69 (P.R. Laws Ann., tit. 29, § 1321) and Article 1802 of the Puerto Rico Civil Code (P.R. Laws Ann., tit. 31, § 5141).

## IV.

### Motion to dismiss—the legal standard

The motions to dismiss are premised on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and allege that the Court does not possess subject matter jurisdiction in this action and that plaintiff has failed to state a claim upon which relief can be granted. I must accept as true the allegations of the Complaint, and will not dismiss the Complaint unless plaintiff could prove no set of facts that would entitle her to relief. *See, e.g., Negron–Gaztambide v. Hernández–Torres,* 35 F.3d 25, 27 (1st Cir.1994).

## V.

### Discussion

#### A.

### Title VII, 42 U.S.C. § 2000e, et seq.

Defendants argue that a woman's unwanted sexual advances to another woman do not constitute sexual harassment under Title VII. Plaintiff disagrees.

According to Title VII of the Civil Rights Act of 1964, it is "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex...." 42 U.S.C. § 2000e–2. Federal courts have long recognized the existence of a cause of action for sex-based discrimination under Title VII for women and men who suffer the slings and arrows of "quid pro quo" sexual harassment or are forced to work in a "hostile work environment." *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 64–66, 106 S.Ct. 2399, 2404–05, 91 L.Ed.2d 49 (1986).

Defendants seek to distinguish same-sex harassment from opposite-sex harassment, which is a more frequent source of litigation. The language of Title VII, however, as well as several well-reasoned interpretations of that law, demonstrate the vacuity of that distinction. *Cf. Sanchez v. Puerto Rico Oil,* 37 F.3d 712, 716 (1st Cir.1994) ("This is a ghost ship of an [argument]. One hears the creak of the rigging, the groan of the timber, and the muted sound of voices through the fog—but there is nothing solid to be grasped.").

I note preliminarily that several courts have held squarely that male-on-male sexual harassment is actionable. *Joyner v. AAA Cooper Transp.,* 597 F.Supp. 537, 541 (M.D.Ala.1983), *aff'd mem.* 749 F.2d 732 (11th Cir.1984); *Wright v. Methodist Youth Services,* 511 F.Supp. 307, 310 (N.D.Ill.1981). *Contra Garcia v. Elf Atochem North America,* 28 F.3d 446, 451–52 (5th Cir.1994); *Vandeventer v. Wabash Nat. Corp.,* 867 F.Supp. 790, 796 (N.D.Ind.1994). In the case most nearly raising this issue before the Court of Appeals for the First Circuit, the Court was confronted with a claim by a male employee that he was harassed by a male coworker. *Morgan v. Massachusetts General Hosp.,* 901 F.2d 186 (1st Cir.1990). The Court rejected the employee's claim on the basis that his allegations did not describe harassment sufficiently severe or pervasive to constitute a violation of Title VII. *Id.* at 192. The Court thus reviewed and affirmed the district court's application to the "severe or pervasive" standard of facts adduced on a motion for summary judgment. The Court's affirmance of the dismissal of the case on these grounds required the Court to engage in a fact-based inquiry. The Court could have reached the same result on the basis of a purely *legal* question by rejecting categorically Title VII claims of male-on-male harassment. The Court's failure to decide this question may suggest that the Court accepts such a claim and finds it sufficiently uncontroversial that it does not merit discussion.

It is clear, moreover, from the plain language of Title VII, that same-sex harassment is an unlawful employment practice. Title VII expressly prohibits discrimination in employment on the basis of the *employee's* sex (or race, etc.). *Defendants'* gender is irrelevant. Plaintiff's allegations permit an inference that *her* gender was the basis of defendants' alleged harassment. Therefore, she has stated a claim under Title VII.

Defendants' contention that Title VII does not prohibit same-sex harassment is contrary to the plain language of Title VII, as well as analogous precedent in other circuits and strongly suggestive precedent in this Circuit. Plaintiff has alleged that her gender was the basis for a wide variety of misconduct by Azize and Otero. I therefore hold that plaintiff's allegations suffice to state a claim for sexual harassment.

## B.

### The E.E.O.C. Complaint

Defendants point out that the E.E.O.C. complaint filed by plaintiff did not name as respondents co-defendants Benítez, Monserrate, Gordils, Borges, and Cruz. Defendants argue that these omissions constitute violation of the procedural prerequisites to filing a Complaint under Title VII, and that the complaint therefore should be dismissed as to these defendants. In fact, however, a plaintiff complies with the notice requirements of Title VII by naming the defendant in the charge or by alleging facts in the charge "from which it could be inferred that the [defendant] violated Title VII." *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 666 (9th Cir.1980). *Accord Romero v. Union Pacific Railroad*, 615 F.2d 1303 (10th Cir. 1980); *Shehadeh v. Chesapeake & Potomac Telephone Co.*, 595 F.2d 711 (D.C.Cir.1978); *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3d Cir.1977), *cert. denied* 449 U.S. 949, 101 S.Ct. 351, 66 L.Ed.2d 212 (1980). The text of plaintiff's charge contains allegations sufficient to put the E.E.O.C. and Benítez and Gordils on notice that plaintiff considered these defendants to be culpable and that plaintiff sought to prosecute a claim against these defendants. Plaintiff's Title VII claims against co-defendants Benítez and Gordils shall not be dismissed.

Borges, Cruz, and Monserrate are situated differently, however. As noted earlier, the E.E.O.C. charge names neither Cruz nor Monserrate, and merely claims that plaintiff was "supervised by" Borges. These defendants could not have known that plaintiff's discrimination allegations encompassed their conduct. Therefore, plaintiff's Title VII claims against co-defendants Borges, Cruz, and Monserrate shall be dismissed.

## C.

### 42 U.S.C. § 1983

Neither co-defendant University of Puerto Rico nor the other co-defendants sued in their official capacities for damages are "persons" under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Therefore, these claims shall be dismissed.

State officials may be sued, however, for damages in their individual capacities, *Hafer v. Melo*, 502 U.S. 21, 31, 112 S.Ct. 358, 365, 116 L.Ed.2d 301 (1991), unless a "qualified immunity" applies to shield the officials from the consequences of their actions. Qualified immunity protects government officials engaging in discretionary activities from personal liability, unless a reasonable official would have known that his or her actions would violate a "clearly established" constitutional or statutory right. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Officials are shielded by qualified immunity to permit them to fulfill their professional responsibilities without hesitation born of the fear of liability. *Anderson*, 483 U.S. at 638, 107 S.Ct. at 3038; *Hegarty v. Somerset County*, 53 F.3d 1367, 1372 (1st Cir.1995). Defendants contend that if there exists a cause of action for same-sex harassment, it is not "clearly established." On this basis, they argue that they are entitled to a grant of qualified immunity. In the instant case, however, several factors disentitle defen-

64

dants to the protection of qualified immunity for the actions alleged in the Complaint.

The defendants in this case may be divided, for purposes of this issue, into two groups. One group is comprised of alleged "harassers" Azize and Otero. The second group is comprised of those alleged to have failed to investigate plaintiff's complaints and includes all other individual defendants (Benítez, Gordils, Borges, Cruz, and Monserrate).

■ The alleged "harassers" are charged with conduct wholly unrelated to their discretionary functions as employees of the University of Puerto Rico, and therefore are not entitled to qualified immunity for their actions. The objectives of qualified immunity will not be promoted by protecting these defendants from the consequences of their alleged actions.

■ Plaintiff alleges that she informed the non-harassing defendants that Azize and Otero had engaged in harassing behavior on an ongoing basis. "A state official, sued under section 1983 in his or her ... individual capacity, can be held liable for the behavior of his or her subordinates if (1) the behavior of such subordinates results in a constitutional violation and (2) the official's action or inaction was 'affirmatively linked' ... to that behavior in the sense that it could be characterized as 'supervisory encouragement, condonation, or acquiescence,' or 'gross negligence amounting to deliberate indifference.'" *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 902 (1st Cir.1988) (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985) and *Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1189 (7th Cir.1986)). According to the Complaint, the non-harassing defendants failed to investigate plaintiff's complaints, failed to prevent Azize from continuing to harass plaintiff and retaliating against plaintiff after plaintiff rejected Azize's advances, and improperly constituted panels evaluating plaintiff's job performance. Thus, the Complaint alleges sufficient facts on which to premise supervisory liability of the non-harassing defendants for sexual harassment. Beyond peradventure, plaintiff's right to be free of sex-based discrimination is "clearly established," *See, e.g., Meritor Savings*

*Bank*, 477 U.S. at 64–66, 106 S.Ct. at 2404–05, and as noted in the previous section, same-sex harassment is sex-based discrimination, notwithstanding the red herring raised by defendants. *See also Alexander v. Perrill*, 916 F.2d 1392, 1397 (9th Cir.1990) ("[T]he law simply does not require that we find a prior case with the exact factual situation in order to hold that the official breached a clearly established duty.") (citing *Anderson*, 483 U.S. at 639–40, 107 S.Ct. at 3038–39). Therefore, the non-harassing defendants are not entitled to the "protective swaddling" of qualified immunity. *Metcalf & Eddy v. Puerto Rico Aqueduct and Sewer Authority*, 991 F.2d 935, 938 (1st Cir.1993) (analyzing scope of sovereign immunity). These claims shall not be dismissed.

### D.

### Claims under Puerto Rico law

Defendants argue that Puerto Rico's sovereign immunity under the Eleventh Amendment serves to bar plaintiff's claims under Law 17 (P.R. Laws Ann., tit. 29, § 155), Law 69 (P.R. Laws Ann., tit. 29, § 1321) and Article 1802 of the Puerto Rico Civil Code (P.R. Laws Ann., tit. 31, § 5141). Plaintiff has agreed to dismiss her claim under Law 100.

■ The Eleventh Amendment has been construed to guard a state and "arms of the state" against claims brought in federal court by citizens of that or any other state. *Puerto Rico Ports Auth. v. M/V Manhattan Prince*, 897 F.2d 1, 9 (1st Cir.1990). The Eleventh Amendment applies to Puerto Rico "in the same manner, and to the same extent as if Puerto Rico were a state." *De Leon Lopez v. Corporacion Insular de Seguros*, 931 F.2d 116, 121 (1st Cir.1991). States may not be sued in federal court for damages unless the state has waived or Congress has abrogated the state's sovereign immunity. *Puerto Rico Ports Auth.*, 897 F.2d at 9.

■ To the extent that plaintiff seeks monetary damages under Puerto Rico law against the University of Puerto Rico and its officials in their official capacities, the claims are barred and shall be dismissed. Plaintiff's

individual capacity claims for monetary damages shall not be dismissed.

In addition, Law 17 and Law 69 permit the court to order injunctive relief, including hiring, promoting, or reinstating the employee, and desisting from the unlawful discriminatory acts. Therefore, plaintiff may continue to press her official-capacity claims for injunctive relief under Law 17 and Law 69. Plaintiff's claim pursuant to Article 1802, which provides only for monetary damages, shall be dismissed.

## VI.

### *Conclusion*

For the reasons set forth above, plaintiff has failed to state a claim with respect to several causes of action set forth in the Complaint, but has stated other claims that could support judgment in her favor.

**THEREFORE,** the motions to dismiss filed by co-defendant Margarita Benítez (Dkt. 15) and all other co-defendants (Dkt. 10, 12, 26, 27), are **GRANTED IN PART:**

(1) plaintiff's claims under Title VII against co-defendants Borges, Cruz, and Monserrate are **DISMISSED** because plaintiff failed to provide sufficient notice via an E.E.O.C. complaint;

(2) plaintiff's claims for damages under section 1983 against defendants in their official capacities are **DISMISSED** because defendants are not "persons" for purpose of these claims;

(3) plaintiff's claims under Puerto Rico Law 100 are **DISMISSED;**

(4) plaintiff's claims under Puerto Rico Article 1802 are **DISMISSED;** and

(5) plaintiff's individual-capacity claims for damages under Law 17 and Law 69 are **DISMISSED** because the Eleventh Amendment bars these claims.

The motions to dismiss are **DENIED** in all other respects.

**IT IS SO ORDERED.**