Gary LADD, Plaintiff,

v.

SERTOMA HANDICAPPED OPPORTU-NITY PROGRAM, INC., an Oklahoma corporation, and Clarence Cagle, Defendants.

No. 95–C–499–H.

United States District Court, N.D. Oklahoma.

Nov. 21, 1995.

David R. Blades, Paul Gee, Jay, OK, for plaintiff.

J. Patrick Cremin, Judith A. Colbert, Frank M. Hagedorn, Hall Estill Hardwick Gable Golden & Nelson, Tulsa, OK, for defendants.

*ORDER*

HOLMES, District Judge.

This matter comes before the Court on Defendants' motion to dismiss (Docket # 2).

 To prevail on a motion to dismiss, a defendant must establish that there is no set of circumstances upon which the plaintiff would be entitled to relief. *Jenkins v. McKeithen,* 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Ash Creek Mining Co. v. Lujan,* 969 F.2d 868, 870 (10th Cir.1992). For the purposes of this analysis, the court must accept as true all material allegations in the complaint. *Ash Creek Mining,* 969 F.2d at 870.

 At the time of the incidents giving rise to this complaint, Plaintiff Gary Ladd was an employee of Defendant Sertoma Handicapped Opportunity Program, Inc. ("Sertoma"). Mr. Ladd claims that in the course of his employment he was subjected to unwelcome sexual advances by his male supervisor, Defendant Clarence Cagle. Mr. Ladd filed this action, asserting a claim under Title VII, 42 U.S.C. § 2000e *et seq.,* and state law claims for intentional infliction of emotional distress and constructive discharge.

Defendants allege that Mr. Ladd's claims of same-gender sexual harassment against his male supervisor are not actionable under Title VII. In support of this position, Defen-

dants rely upon *Garcia v. Elf Atochem North America*, 28 F.3d 446 (5th Cir.1994). Although *Garcia* does support Defendants' proposition, the Court concludes that the position of the Fifth Circuit is without merit.

The Supreme Court has interpreted Title VII to prohibit sexual harassment in the workplace. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *see Hicks v. Gates Rubber Co.*, 833 F.2d 1406 (10th Cir.1987). In *Vinson*, the Supreme Court held that "a plaintiff may establish a violation of Title VII by proving that discrimination *based on sex* has created a hostile and abusive working environment." *Id.* at 66, 106 S.Ct. at 2405 (emphasis added). The Supreme Court also noted that "[t]he gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome.' " *Id.* at 68, 106 S.Ct. at 2406.

Neither the Supreme Court nor the Tenth Circuit has construed "based on sex" to mean "based on Plaintiff's status as a member of the opposite sex." The Court finds that the plain language of Title VII dictates the inclusion of all harassment in which the victim's sex is a factor, whether the victim's gender is the same as or different from that of the alleged harasser. Clearly, "sexual advances can be 'unwelcome' regardless of the harasser's gender." *McCoy v. Johnson Controls World Servs., Inc.*, 878 F.Supp. 229, 232 (S.D.Ga.1995).

This position is supported by the EEOC's Compliance Manual, which states:

> The victim does not have to be of the opposite sex from the harasser. Since sexual harassment is a form of sex discrimination, the crucial inquiry is whether the harasser treats a member or members of one sex differently from members of the other sex. The victim and the harasser may be of the same sex where, for instance, the sexual harassment is based on the victim's sex (*not* on the victim's sexual preference) and the harasser does not treat employees of the opposite sex the same way.

EEOC Compliance Manual (CCH) § 615-2(b)(3). Although not binding on this Court,

the EEOC's position on a subject squarely within its field of expertise is significant.

The Court therefore holds that Mr. Ladd has stated a cognizable Title VII claim of same-sex sexual harassment. Accordingly, Defendants' motion to dismiss (Docket # 2) is hereby denied.

IT IS SO ORDERED.