Arthur **WRIGHTSON**, Plaintiff,

v.

**PIZZA HUT OF AMERICA,
INC.**, Defendant.

No. 3:95CV332–MU.

District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 20, 1995.

G. Bryan Adams, III, Waggoner, Hamrick, Hasty, Monteith, Kratt, Cobb & McDonnell, Charlotte, NC, William H. Elam, Wishart, Norris, Henninger & Pittman, P.A., Charlotte, NC, for plaintiff.

Edward L. Eatman, Jr., Hedrick, Eatman, Gardner & Kincheloe, Charlotte, NC, for defendant.

### ORDER

MULLEN, District Judge.

**THIS MATTER** is before the court upon the Defendant's motion to dismiss, filed December 15, 1995.

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Arthur Wrightson ("Plaintiff") filed this action against the Defendant, Pizza Hut of America, Inc. ("Defendant"), on August 15, 1995. Plaintiff seeks to recover based upon the following theories of relief: (1) sexual harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981; (2) negligent retention; and (3) intentional infliction of emotional distress. Specifically, Plaintiff alleges that he was employed by the Defendant from approximately

September 1993 until March 1994. During this time, Plaintiff claims that he was subjected to unwelcome harassment by his supervisor and co-employees, who were allegedly male homosexuals. Plaintiff contends that such harassment created a hostile sexual work environment.

On December 15, 1995, Defendant filed its motion to dismiss, which is now before the court.

## ANALYSIS

Defendant seeks dismissal of Plaintiff's action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant contends that Plaintiff's sexual harassment and discrimination claims should be dismissed because intra-gender harassment is not actionable under Title VII. Defendant claims that Plaintiff's state law claims should be dismissed for lack of jurisdiction.

First, the court must determine whether same-gender harassment is cognizable under Title VII. In *Benekritis v. Johnson*, 882 F.Supp. 521, 523–24 (D.S.C.1995), the plaintiff math teacher brought suit against his "mentor" teacher, alleging that the mentor had sexually harassed him by placing his genitals against the plaintiff's backside, and by placing his hand on the plaintiff's genitals. In determining whether the plaintiff's intra-gender harassment claim was cognizable under Title VII, the district court followed the reasoning of *Goluszek v. Smith*, 697 F.Supp. 1452 (N.D.Ill.1988), which stated that:

> the Defendant's conduct was not the type of conduct Congress intended to sanction when it enacted Title VII. The goal of Title VII is equal employment opportunity. That goal is accomplished in part by imposing an affirmative duty on employers to maintain a working environment free of discriminatory intimidation. The discrimination Congress was concerned about when it enacted Title VII is one stemming from an imbalance by the powerful which results in discrimination against a discreet and vulnerable group.... The "sexual harassment" that is actionable under Title VII "is the exploitation of a powerful position to impose sexual demands or pres-

sures on an unwilling but less powerful person."

*Id.* at 525 (quoting *Goluszek*, 697 F.Supp. at 1456). Thus, *Benekritis* held that a claim of sexual harassment by a member of the same sex was not permitted under Title VII.

Other jurisdictions are divided as to whether intra-gender harassment is cognizable under Title VII. The Fifth Circuit appears to be the only Circuit court to have explicitly addressed the issue. In *Garcia v. Elf Atochem North America*, 28 F.3d 446 (5th Cir.1994), a male employee filed suit against his plant manager and male foreman, alleging that the foreman had sexually harassed him in violation of Title VII. The Fifth Circuit, however, held that same-gender harassment is not actionable under Title VII, even if the alleged harassment has sexual overtones. *Id.* at 451–52.

This court is in agreement with *Benekritis* and *Garcia*. There is no evidence that Congress intended to prohibit intra-gender harassment in enacting Title VII. If Congress feels that such harassment should be sanctioned, Congress is free to amend Title VII.

**IT IS THEREFORE ORDERED** that Plaintiff's causes of action for sexual harassment and discrimination under Title VII and Title I are **DISMISSED** for failure to state a claim. It is further ordered that Plaintiff's causes of action for negligent retention and intentional infliction of emotional distress are **DISMISSED** for lack of jurisdiction. This case is **DISMISSED** in its entirety.