Melanie Ann JOHNSON, Plaintiff,

v.

COMMUNITY NURSING SERVICES,
and Nora Goicoechea,
Defendants.

Civil No. 95cv1116G.

United States District Court,
D. Utah,
Central Division.

May 28, 1996.

Ms. Kathryn Collard, Salt Lake City, UT, for plaintiff.

Michael P. O'Brien, Jones Waldo Holbrook & McDonough, Salt Lake City, UT, for defendants.

## MEMORANDUM DECISION AND ORDER

### J. THOMAS GREENE, District Judge.

This matter is before the court on defendants' motion for partial summary judgment. Kathryn Collard represents plaintiff; Michael Patrick O'Brien and Shannon Stewart–Clark represent defendants.

### Facts

Plaintiff, a female, was employed on June 22, 1994 at defendant Community Nursing Services (CNS) as Manager of the Social Work Team. She was promoted on February 13, 1995 as Clinical Director of Physical, Speech and Occupational Therapy and Social Work. Defendant Goicoechea, a female, was plaintiff's supervisor. In November 1994 plaintiff moved in with a female friend and began a "relationship [that] was lesbian in nature" which lasted three months. Plaintiff claims this "sexual orientation was new for me." In February 1995 plaintiff bought her own home and moved out of her friend's house. In March 1995 she was dating a man on a weekly basis. Goicoechea was aware of these facts. Goicoechea is openly lesbian and plaintiff claims that Goicoechea, by words and conduct, attempted to initiate a sexual relationship with her. Plaintiff claims that Goicoechea expressed anger because plaintiff was dating a man, and said that she could not protect plaintiff's job if she continued dating the man, intimating that she would bring about plaintiff's dismissal. Goicoechea told plaintiff that she wanted to kiss her at a company meeting to confirm to everyone that plaintiff was a lesbian. Plaintiff was uncomfortable when Goicoechea addressed her as "Sexy" in front of other co-workers, but claims she was too afraid of Goicoechea to ask her to stop. Plaintiff lost a bet to Goicoechea regarding increased social work visits and claims that Goicoechea constantly asked her to "pay up" and take her out to dinner. Plaintiff declined, but suggested that another co-worker could accompany them at dinner or that she would have a barbeque for the staff at her home. Finally, plaintiff rebuffed Goicoechea, particularly her requests to "go out" in a non-work setting.

Goicoechea became increasingly hostile to plaintiff, making the following statements to her: "The therapists don't like you"; "I can't trust you—you are so unpredictable"; "I don't want you smoking with other employees"; and "I don't want you meeting with people in your office with the door shut." In addition, Goicoechea "screamed and yelled" at her in a directors meeting and expressed lack of confidence in plaintiff. Goicoechea told plaintiff she would be personally liable if a mentally ill patient caused an incident in the lobby and scolded her for being a "poor planner."

Plaintiff complained to CNS management, including its president, but claims CNS refused to take any effective action. The day after she resigned, plaintiff claims that Goicoechea told people in a meeting that she had a "borderline personality disorder." In a letter to the president of CNS, plaintiff concluded that she was "sexually harassed [by Goicoechea] due to my sexual preference and lifestyle choice which was ultimately different from hers."

Plaintiff alleges that Goicoechea, her female supervisor, subjected her to sexual harassment, thereby discriminating against her on the basis of her sex. Plaintiff asserts that Goicoechea's harassment was not directed against male employees; that Goicoechea tried to establish sexual relationships with

only certain female employees, including herself; and that the defendant engaged in sex discrimination and sexual harassment when such female employees did not respond to her sexual overtures.

Based upon the aforesaid facts, which defendants do not dispute for purposes of this motion only, plaintiff asserts claims of sex discrimination and sexual harassment under Title VII as well as claims of constructive discharge and defamation. Defendants' motion for partial summary judgment addresses the Title VII claims. The threshold legal questions are whether same-sex sexual harassment is actionable under Title VII, and whether plaintiff has stated a claim based on sex discrimination, as distinguished from sexual preference discrimination.

### Discussion

■ Title VII of the Civil Rights Act of 1964 prohibits discrimination based on sex. 42 U.S.C. § 2000e–2(a)(1). A person's "sex" has been held to mean a person's gender.[1] Sexual harassment is a form of sex discrimination prohibited by Title VII, and may be predicated on "quid pro quo" sexual harassment or "hostile work environment." *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 62–66, 106 S.Ct. 2399, 2403–05, 91 L.Ed.2d 49 (1986). Quid pro quo sexual harassment involves the conditioning of employment benefits on sexual favors. A hostile work environment exists when a plaintiff is subjected to sexual harassment "sufficiently severe or pervasive 'to alter the conditions

of the victim's employment and create an abusive working environment.'" *Id.* (citing *Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir.1982)).

*Same–Sex Sexual Harassment*

■ Defendants argue that same-sex sexual harassment is not covered under Title VII. Plaintiff argues that "but for" her gender defendant Goicoechea would not have sexually harassed her.

The EEOC, which is responsible for enforcing Title VII, regards same-sex sexual harassment as actionable:

The victim does not have to be of the opposite sex from the harasser. Since sexual harassment is a form of sex discrimination, the crucial inquiry is whether the harasser treats a member or members of one sex differently from members of the other sex. The victim and the harasser may be of the same sex where, for instance, the sexual harassment is based on the victim's sex (not on the victim's sexual preference) and the harasser does not treat employees of the opposite sex the same way.

2 EEOC Compliance Manual § 615.2.[2]

Numerous federal courts across the nation have addressed this issue with divided results. Several Circuit courts have indicated that same-sex sexual harassment claims are viable under Title VII.[3] The trend among

---

**1.** The statute makes it "unlawful to discriminate against women because they are women and against men because they are men." *Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081, 1084 (7th Cir.1984), *cert. denied*, 471 U.S. 1017, 105 S.Ct. 2023, 85 L.Ed.2d 304 (1985); *Winsor v. Hinckley Dodge, Inc.*, 79 F.3d 996, 999 (10th Cir.1996) ("Sexual harassment is behavior 'that would not occur but for the sex of the employee'"); *Henson v. City of Dundee*, 682 F.2d 897, 903–04 (11th Cir.1982).

**2.** The Manual also states:

If a male supervisor of male and female employees makes unwelcome sexual advances toward a male employee because the employee is male but does not make similar advances toward female employees, then the male supervisor's conduct may constitute sexual harassment since the disparate treatment is based on the male employee's sex.

EEOC Compliance Manual § 615.2 (cited in *Ecklund v. Fuisz Technology, Ltd.*, 905 F.Supp. 335, 337–38 (E.D.Va.1995), and *Ton v. Information Resources, Inc.*, 1996 WL 5322 at *6 (N.D.Ill.)).

**3.** *Baskerville v. Culligan Int'l. Co.*, 50 F.3d 428, 430 (7th Cir.1995) ("we do not mean to exclude the possibility that sexual harassment of men by women, or men by other men, or women by other women would not also be actionable in appropriate cases."); *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.1994) ("we do not rule out the possibility that *both* men and women working at Showboat have viable claims against Trenkle for sexual harassment"); *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 148 (2d Cir.1993) (Van Graafeiland, J., concurring) ("harassment is harassment regardless of whether it is caused by a member of the same or opposite sex."), *cert. denied*, 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994); *Morgan v. Massachusetts Gen. Hosp.*, 901 F.2d 186, 192–

district courts is to recognize such a cause of action.[4] However, in *Goluszek v. H.P. Smith*, 697 F.Supp. 1452 (N.D.Ill.1988), same-sex sexual harassment was rejected, and the Fifth Circuit approved that case in ruling that same-sex sexual harassment under Title VII is not actionable. *Garcia v. Elf Atochem North America*, 28 F.3d 446, 451–52 (5th Cir.1994).[5] *See also Oncale v. Sundowner Offshore Services, Inc.*, 83 F.3d 118 (5th Cir.1996).

The *Goluszek* court interpreted Congress' intent in enacting Title VII as focused on the abuse of an "imbalance of power" by the powerful over a discrete and vulnerable group. The court granted summary judgment because plaintiff failed to show that his workplace was "anti-male." 697 F.Supp. at 1456. This interpretation would impose an additional requirement to a Title VII cause of action. Legislative history is silent as to the

193 (1st Cir.1989) (cause of action exists for male on male discrimination, but court ruled that plaintiff failed to demonstrate genuine issue of fact); *Bundy v. Jackson*, 641 F.2d 934, 942 n. 7 (D.C.Cir.1981); *Barnes v. Costle*, 561 F.2d 983, 990 n. 55 (D.C.Cir.1977). The Tenth Circuit has yet to rule on the issue.

**4.** *See Easton v. Crossland Mortgage Corp.*, 905 F.Supp. 1368 (C.D.Cal.1995); *Ecklund v. Fuisz Technology, Ltd.*, 905 F.Supp. 335 (E.D.Va.1995); *Blozis v. Mike Raisor Ford*, 896 F.Supp. 805 (N.D.Ind.1995); *Raney v. District of Columbia*, 892 F.Supp. 283 (D.D.C.1995); *Nogueras v. University of Puerto Rico*, 890 F.Supp. 60, 62–63 (D.P.R.1995) ("Defendant's gender is irrelevant"); *Griffith v. Keystone Steel & Wire*, 887 F.Supp. 1133 (C.D.Ill.1995); *EEOC v. Walden Book Co.*, 885 F.Supp. 1100 (M.D.Tenn.1995); *Prescott v. Independent Life & Accident Ins. Co.*, 878 F.Supp. 1545 (M.D.Ala.1995); *McCoy v. Johnson Controls World Servs., Inc.*, 878 F.Supp. 229 (S.D.Ga.1995); *King v. M.R. Brown, Inc.*, 911 F.Supp. 161 (E.D.Pa.1995); *Wenner v. C.G. Bretting Mfg. Co., Inc.*, 917 F.Supp. 640 (W.D.Wis.1995); *Ladd v. Sertoma Handicapped Opportunity Program, Inc.*, 917 F.Supp. 766, 767 (N.D.Okla.1995) ("sexual advances can be unwelcome regardless of the harasser's gender"); *Rushing v. United Airlines*, 919 F.Supp. 1101, 1106 (N.D.Ill.1996) (the "currently much-mooted question whether a charge of same-sex sexual harassment states a claim under Title VII" is answered "in the affirmative"); *Wright v. Methodist Youth Servs., Inc.*, 511 F.Supp. 307 (N.D.Ill. 1981); *Polly v. Houston Lighting and Power Co.*, 825 F.Supp. 135 (S.D.Tex.1993); *Marrero–Rivera v. Department of Justice of Puerto Rico*, 800 F.Supp. 1024 (D.P.R.1992), *aff'd.*, 36 F.3d 1089 (1st Cir.1994); *Joyner v. AAA Cooper Transportation*, 597 F.Supp. 537 (M.D.Ala.1983), *aff'd.*, 749 F.2d 732 (11th Cir.1984); *Sardinia v. Dellwood Foods, Inc.*, 1995 WL 640502, at *4–5 (S.D.N.Y.) (court finds it "untenable to allow reverse discrimination cases but not same-sex sexual harassment cases to proceed under Title VII"), *motion for appeal granted*, 1995 WL 710205 (S.D.N.Y.); *Dixon v. State Farm Fire and Casualty Ins. Co.*, 1995 WL 810016 (E.D.Va.); *Roe v. K–Mart Corp.*, 1995 WL 316783 (D.S.C.); *Ton v. Information Resources*, 1996 WL 5322 (N.D.Ill.), 70 Fair Empl. Prac. Cas. (BNA) 355; *Tanner v. Prima Donna Resorts, Inc.*, 919 F.Supp. 351

(D.Nev.1996); *Williams v. District of Columbia*, 916 F.Supp. 1 (D.D.C.1996); *Boyd v. Vonnahmen*, 1995 WL 420040 (S.D.Ill.), 67 Fair Empl. Prac.Cas. (BNA) 1769; *Pritchett v. Sizeler Real Estate Mgt. Co.*, 1995 WL 241855 (E.D.La.1995), 67 Fair Empl.Prac.Cas. 1377; *Llampallas v. Mini–Circuit Lab, Inc.*, 1995 WL 693213 (S.D.Fla.), *Tietgen v. Brown's Westminster Motors, Inc.*, 921 F.Supp. 1495, 1501 (E.D.Va.1996) ("the key is the cause of the harassment, not the gender of the harasser"); *Waag v. Thomas Pontiac, Buick, GMC, Inc.*, 930 F.Supp. 393 (D.Minn. 1996).

**5.** In its brief discussion of the issue, the Fifth Circuit stated that "harassment by a male supervisor against a male subordinate does not state a claim under Title VII even though the harassment has sexual overtones. Title VII addresses gender discrimination." 28 F.3d at 451–52. Other courts have declined to recognize a same-sex sexual harassment cause of action. *See Quick v. Donaldson Co., Inc.*, 895 F.Supp. 1288 (S.D.Iowa 1995); *Ashworth v. Roundup Co.*, 897 F.Supp. 489 (W.D.Wash.1995); *Oncale v. Sundowner Offshore Services*, 1995 WL 133349 (E.D.La.1995), *aff'd*, 83 F.3d 118, 119 (5th Cir. 1996) ("Although our analysis in *Garcia* has been rejected by various district courts, we cannot overrule a prior panel's decision."); *Childress v. City of Richmond, Virginia*, 907 F.Supp. 934, 939 (E.D.Va.1995) (dismissing male officer's claims but not female officer's claims); *Benekritis v. Johnson*, 882 F.Supp. 521 (D.S.C.1995); *Myers v. City of El Paso*, 874 F.Supp. 1546 (W.D.Tex. 1995); *Fleenor v. Hewitt Soap Co.*, 1995 WL 386793 (S.D.Ohio 1994), 67 Fair Empl.Prac.Cas. (BNA) 1625; *Vandeventer v. Wabash Nat'l Corp.*, 867 F.Supp. 790 (N.D.Ind.1994), *on reconsideration*, 887 F.Supp. 1178 (N.D.Ind.1995); *Mayo v. Kiwest Corp.*, 898 F.Supp. 335 (E.D.Va.1995); *Fredette v. BVP Management Associates*, 905 F.Supp. 1034 (M.D.Fla.1995); *Hopkins v. Baltimore Gas & Electric.*, 871 F.Supp. 822 (D.Md1994), *aff'd.*, 77 F.3d 745 (4th Cir.1996); *Carreno v. Local Union No. 226, International Brotherhood of Electrical Workers*, 1990 WL 159199 (D.Kan.); *Wrightson v. Pizza Hut of America, Inc.*, 909 F.Supp. 367 (W.D.N.C.1995); *Plakio v. Congregational Home, Inc.*, 1995 WL 317120 (D.Kan.).

matter.[6] This court agrees with the position taken in *Tanner v. Prima Donna Resorts, Inc.*, 919 F.Supp. 351, 354 (D.Nev.1996), that Title VII "does not require that the work environment be hostile to all workers of the plaintiff's sex; it requires that the environment be hostile to the plaintiff."

Title VII does not exclude from protection same-sex sexual harassment. Rather, the language of Title VII creates a "broad rule of workplace equality," *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993), with no requirement that sex based discrimination or harassment must be perpetrated by a member of the opposite sex. *Meritor,* 477 U.S. at 64–66, 106 S.Ct. at 2404–05.

This court is persuaded that an employee subjected to sexual harassment should not be denied Title VII protection merely because his or her harasser is of the same gender. Title VII should not be interpreted to condone sexual harassment by a homosexual or lesbian supervisor of a member of the same sex, or to exclude a homosexual or lesbian employee who is the victim of harassment by a same-sex employer. Same-sex sexual harassment, based on gender, should not be treated differently than the more common male versus female sexual harassment. Accordingly, this court holds that a cause of action exists under Title VII for victims of same-sex sexual harassment.

*Sexual Preference*

Defendants urge that summary judgment should be granted because the claim is based on sexual orientation, or preference, and not gender. Plaintiff maintains that under the facts asserted the claim in essence is based upon gender discrimination rather than sexual preference discrimination.

■ On its face, discrimination against someone due to his or her sexual preference or orientation is not covered by Title VII. The EEOC so interprets the statute:

> If a male supervisor harasses a male employee because of the employee's homosexuality, then the supervisor's conduct would not be sexual harassment, since it is based on the employee's sexual preference, not his gender.

2 EEOC Compliance Manual § 615.2 (Example 2). This basic statutory distinction has been recognized by several courts.[7]

While sexual orientation or sexual preference may be a factor in sexual harassment, courts should be careful not to use it to muddy the waters of gender discrimination. If a homosexual male is sexually harassed by his homosexual supervisor *because the employee is male,* then the employee has a cause of action. The fact that sexual preference may influence the sexual harassment should not be reason to diminish, let alone to invalidate, the fact that a supervisor discriminated against an employee because of the employee's sex.[8] The crucial inquiry is

**6.** In *Meritor,* the Supreme Court recognized that because the prohibition against discrimination based on sex was added to Title VII "at the last minute" there is "little legislative history to guide us in interpreting the Act's prohibition against discrimination based on 'sex.'" 477 U.S. at 63–64, 106 S.Ct. at 2404; *see also Sardinia v. Dellwood Foods, Inc.*, 1995 WL 640502 at *4–6 (S.D.N.Y.).

**7.** *See Ulane,* 742 F.2d at 1084 ("Congress manifested an intention to exclude homosexuals from Title VII coverage...."); *DeSantis v. Pacific T. & T. Co.*, 608 F.2d 327, 329–330 (9th Cir.1979) (Title VII "should not be judicially extended to include sexual preference such as homosexuality"); *see also Vandeventer v. Wabash Nat. Corp.*, 887 F.Supp. 1178, 1180 (N.D.Ind.1995) ("People who are harassed because they are homosexual (or are perceived as homosexual) are not protected by Title VII anymore than are people who are harassed for having brown eyes. However, it is imperative to note that being homosexual does

not deprive someone of protection from sexual harassment under Title VII, it is merely irrelevant to it. The issue remains whether one is discriminated against because of one's gender."); *see also Sommers v. Budget Marketing, Inc.*, 667 F.2d 748, 750 (8th Cir.1982); *DeSantis v. Pacific Tel. & Tel. Co.*, 608 F.2d 327, 329–30 (9th Cir. 1979).

**8.** In *Tanner,* the court said:

> Furthermore, categorization of same-gender sexual harassment as "homosexual" harassment makes the unwarranted assumption that sexual harassment is motivated by sexual attraction on the part of the harasser. However, Title VII does not require that sexual harassment be motivated by attraction, only that it be "because of sex"; indeed, harassment, like other forms of victimization, is often motivated by issues of power and control on the part of the harasser, issues not necessarily related to sexual preference. Therefore, the sexual pref-

whether the harasser treats a member (or members) of one sex differently from members of the other sex. In this regard, in *Williams v. District of Columbia*, 916 F.Supp. 1 (D.D.C.1996), the court said:

> Title VII makes no distinction based upon sexual orientation: the determinative question is not the orientation of the harasser, but whether the sexual harassment would have occurred but for the gender of the victim.

*Id.* at 7. *See also Roe v. K–Mart Corp.*, 1995 WL 316783 (D.S.C.),[9] and *Valadez v. Uncle Julio's of Illinois, Inc.*, 895 F.Supp. 1008 (N.D.Ill.1995).[10]

■ This court is persuaded under the facts presented that the discrimination in question constitutes gender discrimination rather than sexual preference (or orientation) discrimination. Under the facts now before the court, plaintiff has shown sex discrimination and sexual harassment by her female supervisor. These facts, if true, establish prima facie gender discrimination notwithstanding plaintiff's apparent conception at the time she resigned that she was being harassed "due to [her] sexual preference."

This Court rules that Title VII is applicable not only to inter-gender sex discrimination and sexual harassment, but to same-sex sex discrimination and sexual harassment. Further, under the facts presented for purposes of this motion, plaintiff has sufficiently presented a claim of discrimination based on gender, rather than sexual preference or orientation. Accordingly, defendants' motion

for partial summary judgment on the first and second claims is Denied.

IT IS SO ORDERED.

---

erence of the harasser is irrelevant to a Title VII claim.

Just as courts do not inquire into the sexual preferences of the victim in cases of opposite sex harassment, the sexual preference of the victim should be a non-issue in a same-sex sexual harassment case. The focus should be on the harassing conduct itself, and whether the harassment is "because of sex."

*Tanner*, 919 F.Supp. at 355 (footnote and citation omitted).

9. "... If a plaintiff complains of unwanted sexual homosexual advances, the offending conduct is based on the employer's sexual preference and necessarily involved the plaintiff's gender for an employee of the non-preferred gender would not inspire the same treatment." 1995 WL 316783 at *2.

10. In *Valadez* the court held that a male's harassment of a female was based on gender, not because he was "aroused" by her lesbian sexual orientation. 895 F.Supp. at 1014.