**Robert J. WEHRLE, Plaintiff,**

v.

**OFFICE DEPOT, INC. and Paul McKenzie, Defendants.**

**No. CIV–95–1453–C.**

United States District Court,
W.D. Oklahoma.

June 12, 1996.

Gary L. Brooks, Christopher John Bergin, Ann Jarrard, Ann Brooks, Gary L. Brooks & Associates, Oklahoma City, OK, for Robert J. Wehrle.

James R. Waldo, Mock Schwabe Waldo Elder Reeves & Bryant, Oklahoma City, OK, Christina S. Meador, Hunton & Williams, Atlanta, GA, George A. Harper, Lisa A. Schreter, Jackson Lewis Schnitzler & Krupman, Atlanta, GA, for Office Depot Inc.

## MEMORANDUM OPINION

CAUTHRON, District Judge.

Plaintiff alleges his male supervisor's conduct, which included comments and touching, created a sexually hostile working environment in violation of Title VII of the Civil Rights Act of 1964. Defendants' motion for partial summary judgment seeks dismissal of plaintiff's gender discrimination claim on the ground that Title VII does not provide a cause of action for same-gender sexual harassment.

Title VII prohibits discriminatory conduct on the basis of an employee's "sex." 42 U.S.C. § 2000e–2(a)(1). Although the term "sex" has been interpreted by the Supreme Court to protect both men and women against sexual harassment by the opposite sex, neither the Supreme Court nor the Tenth Circuit Court of Appeals has addressed whether the prohibitions of Title VII apply when the harassing supervisor and the employee are of the same sex. Several other courts, however, have addressed whether Title VII provides a claim for same-gender sexual harassment claims and have reached varying conclusions. *Compare, e.g., Oncale v. Sundowner Offshore Services, Inc.,* 83 F.3d 118 (5th Cir.1996) (holding Title VII does not recognize same-sex sexual harassment claims); *McWilliams v. Fairfax County Bd. of Supervisors,* 72 F.3d 1191 (4th Cir.1996) (Title VII does not recognize claim for hostile work environment sexual harassment between heterosexual males); *Garcia v. Elf Atochem North America,* 28 F.3d 446 (5th Cir.1994) (harassment having sexual overtones by male supervisor against male subordinate not actionable under Title VII because "Title VII addresses gender discrimination"); *with Hopkins v. Baltimore Gas and Elec. Co.,* 77 F.3d 745 (4th Cir.1996) (not deciding whether same-sex sexual harassment claim cognizable under Title VII because plaintiff failed to show harassing conduct was severe and pervasive) [1]; *Tietgen v. Brown's Westminster Motors, Inc.,* 921 F.Supp. 1495 (E.D.Va.1996) (recognizing a claim for same-sex sexual harassment under Title VII); *Tanner v. Prima Donna Resorts, Inc.,* 919 F.Supp. 351, 356 (D.Nev.1996) (Title VII prohibits same-sex sexual harassment and, as long as harassment was because of plaintiff's sex, "sexual preferences of the parties is irrelevant to whether a claim is stated"); *Williams v. District of Columbia,* 916 F.Supp. 1 (D.D.C.1996) (holding same-sex sexual harassment claim cognizable under Title VII); *Ecklund v. Fuisz Technology, Ltd.,* 905 F.Supp. 335 (E.D.Va.1995) (holding Title VII recognizes same-sex sexual harassment claim where "but for" plaintiff's gender, he would not have been the object of supervisor's harassment); *Blozis v. Mike Raisor Ford, Inc.,* 896 F.Supp. 805, 808 (N.D.Ind. 1995) (Whether or not male supervisor's harassment of male employee was sexual in nature, "if the defendant harassed and discriminated against the plaintiffs because they were men, the plaintiffs can state a claim" under Title VII); *Griffith v. Keystone Steel and Wire, Div. of Keystone Consol. Industries, Inc.,* 887 F.Supp. 1133, 1137 (C.D.Ill. 1995) (Title VII plaintiff "can establish that the harassment was 'based upon sex' by showing that his harasser only harassed men, and thus, did not treat women in a similar fashion"); *E.E.O.C. v. Walden Book Co., Inc.,* 885 F.Supp. 1100 (M.D.Tenn.1995) ("sexual harassment of a subordinate by a homosexual supervisor of the same sex is an adverse employment action that the subordinate would not have faced but for his or her sex"); *McCoy v. Johnson Controls World Services, Inc.,* 878 F.Supp. 229 (S.D.Ga.1995) (recog-

---

**1.** One member of the court panel wrote: "sexual harassment of a male employee whether by a male or female may be actionable under Title VII if the basis for the harassment is because the employee is a man." 77 F.3d at 752. The remaining judges declined to join Judge Niemeyer on this issue.

nizing claim under Title VII for female-on-female harassment).

Two forms of sexual harassment constitute discrimination because of one's sex, in violation of Title VII: (1) *quid pro quo* harassment, where benefits are conditioned on submission to sexual conduct; and (2) sexual harassment which has the purpose or effect of unreasonably interfering with an employee's work performance or creating an intimidating, hostile or offensive work environment. *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1414 (10th Cir.1993). Here, plaintiff's claims are based solely on hostile work environment allegations.

 "[W]hen a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminate[s]' on the basis of sex." *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 64, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986). "Any harassment of an employee 'that would not occur *but for the sex of the employee* ... may, if sufficiently patterned or pervasive, comprise an illegal condition of employment under Title VII.'" *Gross v. Burggraf Const. Co.,* 53 F.3d 1531, 1537 (10th Cir.1995) (emphasis added), quoting *Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1415 (10th Cir.1987) (citations omitted), *aff'd after remand,* 928 F.2d 966, 971 (10th Cir.1991). Although the issue has not been previously determined by the Tenth Circuit, this Court finds that under proper circumstances same-gender harassment may be actionable under Title VII. However, to be actionable, the harassment must be because of the employee's sex, that is, because plaintiff is a male. Workplace horseplay, even with sexual overtones, is not sufficient to invoke Title VII's protections, unless plaintiff can establish the harassment was directed toward him *because of* his sex. The conclusion that Title VII prohibits same-sex harassment also finds support in the EEOC Compliance Manual. Although not binding on this Court, the EEOC's reading of Title VII as recognizing same-sex sexual harassment claims under the statute persuades this Court it has reached the correct result.

(3) The victim does not have to be of the opposite sex from the harasser. Since sexual harassment is a form of sex discrimination, the crucial inquiry is whether the harasser treats a member or members of one sex differently from members of the other sex. The victim and the harasser may be of the same sex where, for instance, the sexual harassment is based on the victim's sex (*not* on the victim's sexual preference) and the harasser does not treat employees of the opposite sex the same way. [Citation omitted.]

> *Example 1*—If a male supervisor of male and female employees makes unwelcome sexual advances toward a male employee because the employee is male but does not make similar advances toward female employees, then the male supervisor's conduct may constitute sexual harassment since the disparate treatment is based on the male employee's sex.

EEOC Compliance Manual, § 615.2(b)(3) (June 1987).

 The Court has reviewed the summary judgment record and, having construed it in a light most favorable to plaintiff, finds sufficient evidence has been presented to raise a genuine issue of fact for trial with regard to whether defendant McKenzie's behavior was sexually motivated and was directed toward plaintiff because he was male. Plaintiff alleges McKenzie is a homosexual. Whether or not this assertion is true, the record contains evidence that McKenzie made sexual comments and engaged in physical touching with plaintiff and other male employees. There is no evidence from which the Court can find or infer that McKenzie treated female employees in a like manner. Plaintiff has alleged and has submitted proof that he was subjected to unwelcome sexual harassment because of his sex sufficient to create an issue for trial.

Defendants' motion for partial summary judgment is therefore denied.[2]

---

2. Only the issue of whether Title VII recognizes a claim for same-gender discrimination has been

presented to the Court in defendants' motion for partial summary judgment. Certainly, plaintiff ultimately carries the burden to prove additional facts before establishing a hostile work environment. For example, plaintiff is required to prove that the harassment was sufficiently severe or pervasive to create an abusive working environment and must establish a basis for imputing liability to McKenzie's employer, Office Depot. Because defendants have not addressed these issues in their motion for partial summary judgment, the Court will not address them either.